Merrimack,
Dec. 1, 1936.

HAROLD L. BARNARD

*v.*

OLD COLONY INSURANCE CO.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Piper* orally), for the defendant.

Woodbury, J. This case comes before us upon demurrer to the plaintiff's amended declaration. All facts well pleaded are therefore admitted (*Williams* v. *Mathewson*, 73 N. H. 242), and for the purpose of overruling the demurrer it is only necessary for us to point out from those facts possible conclusions favorable to the plaintiff which might be reached by the trial court. Final interpretation of the policy "must of necessity depend upon a consideration 'of all the evidentiary facts and circumstances' bearing thereon." Until consideration of such facts neither that court nor this is bound to adopt the construction suggested herein. If justified by the evidence a different conclusion may be reached. *Kann* v. *Company*, 85 N. H. 41, 48. This result follows because "the construction of a written contract presents a question of intention, which is a question of fact." *Kendall* v. *Green*, 67 N. H. 557, 561. See also *Borchers* v. *Taylor*, 83 N. H. 564, 567, and cases cited; *Saloshin* v. *Houle*, 85 N. H. 126.

The endorsement of January 13, 1933, gives coverage for theft, but only for the theft of property belonging to the corporations therein specified. It cannot be construed to extend such coverage to shippers generally because to do so would be to ignore the plain meaning of specific language limiting the application of the endorsement to those companies.

The case does not indicate who was the owner of the goods which were stolen. If they belonged to E. I. du Pont de Nemours & Co., or to any of its subsidiary or affiliated companies, then the defendant is liable. If, on the other hand, they belonged to someone else, and from the tenor of the briefs and arguments we understand that such was in fact the case, then the defendant's liability depends upon the construction to be given to the endorsement of June 29, 1933. The wording of this endorsement leaves much to be desired in the way

of clarity. In so far as it is applicable to the facts of the case before us two points only are definite. These are, first, that it covers loss or damage to cargo while in the plaintiff's possession arising from any cause whatever, and second, that such coverage extends to the goods of shippers generally. The question presented by the demurrer, that is, whether this endorsement gives coverage for only those losses which occur within the geographical limits of the state of New Hampshire, or whether such coverage extends to any loss which might occur within the broader territorial limits of the original policy, is not answered in terms by the language of the endorsement.

The defendant, arguing for the narrower territorial limit, calls attention to the heading of the endorsement quoted in the statement of facts and also to a clause in the endorsement itself which reads as follows: "The policy to which this endorsement is attached is written in pursuance of and is to be construed in accordance with Section 2 of Chapter 106 of the Laws of New Hampshire, 1933." From these statements the argument is advanced that it must have been the intention of the contracting parties to extend the coverage provided for in the rider only so far as the statute above referred to could be operative, i. e. only within the limits of the state of New Hampshire.

Admitting that insurance coverage within the state is all that a state may legally require as a condition precedent to the right to operate as a common carrier engaged in intrastate commerce by truck over its highways, still it does not follow that such limited coverage was all that was given in the policy and its endorsement here in suit. As far as the facts of this case are concerned, the effect of the endorsement is only to amend the original policy by enlarging the number of causes of loss insured against. It does not touch upon the territorial limits of this added coverage. Had it been the intention of the contracting parties to impose more restricted geographical limits upon the new causes of loss covered by the endorsement, it seems probable that appropriate words of limitation would have been used instead of leaving so important a matter to implication.

The fallacy in the above argument of the defendant is that it assumes the language of the endorsement to mean more than it says. The statute above referred to (Laws 1933, c. 106), provides a certain minimum standard for the insurance coverage required of common carriers by truck before they may be licensed to carry on their business in intrastate commerce within this state. The language quoted from the endorsement shows a clear intention to give coverage within the limits of New Hampshire up to that minimum standard, but it

fails to indicate an intention not to extend such coverage to the territorial limits set in the policy. In other words, the language quoted above indicates an intention to conform to the minimum limits of the coverage locally required; it does not indicate an intention to confine that coverage to those limits alone.

The defendant further argues that since the endorsement bears evidence upon its face that it was not prepared by the defendant, (the insurer's name appears in typewriting in a blank in a printed form), it must have been prepared by the insurance commissioner of the state, and he, having no interest in coverage outside the state, must have intended the provisions of the endorsement to be operative only locally. This argument is without merit, if for no other reason, because it does not appear who prepared the endorsement. While the inference may be drawn that the endorsement was not prepared by the defendant, there is nothing to indicate that the Insurance Commissioner, or any other state official, did prepare it. The negative inference that its language is not that of the defendant is not the equivalent of a positive inference that its language is that of some other particular person.

The plaintiff's argument, based upon another clause in the endorsement, appears to us to be more persuasive. This clause reads as follows: "Nothing herein contained shall be held to alter, waive or extend any of the terms, conditions, agreements of said policy except as provided herein." The obvious meaning of this language is that implications drawn from statements or stipulations contained in the endorsement shall not be held to alter any provision of the policy itself. Since the policy in terms provides for coverage within the territorial limits of the United States and Canada, and since there is no express provision in the endorsement altering those limits or limiting the application of the endorsement, we are constrained to hold that the coverage granted by that endorsement has as broad geographical scope as the original policy.

*Demurrer overruled.*

PAGE, J., was absent: the others concurred.