Rockingham,
No. 5368.

JAMES J. BARRY *v.* JOHN W. KING *& a.*

Argued May 6, 1965.
Briefs submitted May 10, 1965.
Decided May 12, 1965.

*Fuller, Flynn & Powell* (*Mr. Wesley Powell* and *Mr. Thomas E. Flynn, Jr.* orally), for the plaintiff.

*Joseph A. Millimet* (by brief and orally), special counsel for the defendant, John W. King, Governor of the State of New Hampshire.

Per curiam. The panoply of powers granted to the Governor and Council by the Constitution and statutes of this state is extensive. Part Second, Article 41 of our Constitution provides that the Governor is the "supreme executive magistrate." *Opinion of the Justices,* 102 N. H. 183, 184. This grant of power is "something more than a verbal adornment of the office" (*State ex rel Stubbs* v. *Dawson,* 86 Kan. 180, 187) and is implemented by Part Second, Article 62 of our Constitution, which provides that the Governor and Council have authority ". . . for ordering and directing the affairs of the state, according to the laws of the land." See *State* v. *Simon,* 149 Me. 256: Note, Gubernatorial Executive Orders as Devices for Administrative Direction and Control, 50 Iowa L. Rev. 78 (1964); Ransone, The Office of Governor in the United States, c. 11 (1956).

The statutory powers of the Governor and Council are also broad and comprehensive. They have "ultimate executive authority over . . ." the State institutions which are under the jurisdiction of the plaintiff. RSA 10:1 (supp); Laws 1957, 164:4. The power of the Attorney General to ". . . exercise a general supervision over the state departments . . . to the end that they perform their duties according to law" is subject to "the direction of the Governor and Council." RSA 7:8. Departmental expenditures are subject to the approval of the Governor and Council. RSA 4:15. The Governor and Council have broad investigatory powers under RSA 9:12 not only concerning the application of State funds but also relating to the "methods of business of the departments." Under RSA 4:1 the Governor and Council may remove public officers for cause after public hearing and due notice of the charges preferred.

The full exercise of these broad powers demands that inquiries and investigations conducted by the Governor and Council into the activities of State departments and officials be carried on with practical efficiency. If the inquiry and investigation of the activities of State officials were to be conducted only after the questions were reduced to writing and the purpose of the inquiry was stated in writing in advance, information about the conduct of the affairs of the State would be incomplete and unsatisfactory. For all practical purposes executive supervision and control would be relegated to a futile exercise in recording a written cross-examination. This is not the "increased economy and efficiency in the conduct of the affairs of the state" that the statutes contemplate. RSA 9:12.

We conclude that the Governor and Council had authority to obtain the information that was sought by Executive Councilor Hayes and that the demands of the plaintiff as to the manner in which the information would be produced were unwarranted. If the plaintiff fails to comply with the resolution of the Governor and Council adopted on April 30, 1965, he runs the risk of executive sanction including suspension which is part and parcel of the constitutional and statutory powers of the Governor and Council. Consequently the orders restraining suspension of the plaintiff are vacated. *Shannon* v. *Portsmouth*, 54 N. H. 183; *LaBonte* v. *Berlin*, 85 N. H. 89; *Goodwin* v. *Nashua*, 91 N. H. 339. Nothing in this opinion is intended to detract from the plaintiff's right to counsel at any inquiry or investigation.

*Injunctive decree and restraining orders vacated; petition dismissed*

WHEELER, J., did not sit.