Request of Governor and Council
No. 6810

OPINION OF THE JUSTICES

December 7, 1973

The following resolution was adopted by the Governor and Council December 5, 1973, and filed in this court on December 6, 1973:

"WHEREAS, as of December 1, 1973, the resignation of former Commissioner of the Department of Health and Welfare Gerard Zeiller became effective; and

"WHEREAS, said Commissioner has vacated his office and with it the authority and responsibility to authorize the signing of checks and other financial documents; and

"WHEREAS, pursuant to RSA 126-A:5, an acting commissioner, the Director of the Division of Welfare, had been serving in the capacity of Commissioner; and

"WHEREAS, the said statute provides that 'When acting for the Commissioner, said person shall have all the power, duties and authority of the Commissioner'; and

"WHEREAS, the honorable Governor and Executive Council are of the opinion that said former acting commissioner has had his authority terminate as of December 1; and

"WHEREAS, the Governor and Executive Council are in doubt as to the legality of department officials entering into agreements, signing payroll checks, etc. when their authority in acting in former Commissioner Zeiller's stead has terminated; and

"WHEREAS, RSA 126-A:34 provides that the Governor and Council may make regulations and designations as may be required to accomplish the purposes stated in said section; and

"WHEREAS, Part II, Article 62, of the New Hampshire Constitution provides that the Governor and Council may order and direct the affairs of state; and

"WHEREAS, the said Governor and Executive Council consider the present situation to be a solemn occasion pursuant to Part II, Article 74, of the New Hampshire Constitution;

"NOW, THEREFORE, BE IT RESOLVED that the Court's opinion be given on the following questions:

"1. May the Governor and Executive Council, in the absence of a Commissioner of the Department of Health and Welfare, designate a person or persons to handle the financial affairs of said department?

"2. May the Governor and Executive Council designate an individual to serve in the capacity of Commissioner of

the Department of Health and Welfare with full power and authority to administer the affairs of said department?

"IT IS FURTHER ORDERED that seven (7) copies of this resolution be forwarded to the Clerk of the Supreme Court by the Secretary of State."

The following answers were returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the following answers to the questions contained in your resolution filed December 6, 1973, which require immediate reply. The first question reads as follows:

"1. May the Governor and Executive Council, in the absence of a Commissioner of the Department of Health and Welfare, designate a person or persons to handle the financial affairs of said department?"

Our answer to this question is a qualified "Yes". RSA 4:14; *Barry v. King*, 106 N.H. 279, 210 A.2d 161 (1965). The Governor and Executive Council in the absence of a commissioner of the department of health and welfare, may designate a person or persons to sign, execute, approve and authorize manifests, requisitions, expense accounts, certifications, federal agreements and other similar financial documents for the department of health and welfare subject to the following limitations:

1. The person or persons designated must be employees or officers of the department of health and welfare in view of the purpose, design, intent and legislative history of RSA ch. 126-A and (Supp. 1972).

2. This authority is only for a temporary period during the present emergency situation created by the existing conflict between the Governor and Executive Council and the advisory commission.

The second question reads as follows:

"2. May the Governor and Executive Council designate an individual to serve in the capacity of Commissioner of the Department of Health and Welfare with full power and authority to administer the affairs of said department?"

The mandatory language of RSA 126-A:4 (Supp. 1972) compels the answer to your question to be "No".

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

December 7, 1973