Request of the Senate
No. 6859

OPINION OF THE JUSTICES

March 6, 1974

The following resolution was adopted by the senate on

February 26, 1974, and filed with the supreme court on the same day:

"WHEREAS, as of December 1, 1973 the resignation of former Commissioner of the Department of Health and Welfare Gerard Zeiller became effective; and

"WHEREAS, said Commissioner has vacated his office and the authority and responsibility to administer and direct the department is vacant; and

"WHEREAS, RSA 126-A:4 provides the Advisory Commission of the Department of Health and Welfare shall nominate two candidates for the office of Commissioner of Health and Welfare; and

"WHEREAS, the Advisory Commission has nominated and presented to the Governor and Council their nominees for said office; and

"WHEREAS, the Governor and Council have refused to appoint a Commissioner from said nominees and as a result a conflict exists between said Advisory Commission and Governor and Council; and

"WHEREAS, the Governor and Council adopted a resolution for an advisory opinion of the Supreme Court on this matter December 5, 1973; and

"WHEREAS, the Supreme Court rendered said advisory opinion allowing for the appointment on a temporary basis of a designated person to handle the financial affairs of the Department in a limited manner; and

"WHEREAS, said opinion granted said authority 'only for a temporary period during the present emergency situation created by the existing conflict between the Governor and Executive Council and the Advisory Commission'; and

"WHEREAS, the conflict between the Advisory Commission and the Governor and Council has continued to the present time; and

"WHEREAS, until said conflict is resolved, there is no individual serving in the capacity of Commissioner of the Department of Health and Welfare with full power and authority to effectively monitor the expenditure of appropriated funds or administer the affairs or promulgate policy of said department; and

"WHEREAS, the Senate has before it substantial approp-

riation bills which authorize the said Department to expend substantial sums of money; and

"WHEREAS, the Senate is of the opinion that unless this conflict or impasse is resolved expeditiously, a most solemn occasion is created in that great harm and damage will be done to citizens of the State and to the said Department; and

"WHEREAS, the Senate has before it for consideration SB 25, An Act providing for the nomination and appointment of the commissioner of health and welfare and directors of divisions of health and welfare by the governor and council; and

"WHEREAS, the best interests of the State and its citizens will be served by a commissioner of health and welfare being expeditiously appointed without any further legislation.

"NOW THEREFORE BE IT RESOLVED:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Is the Governor and Council required to appoint to the office of Commissioner of Health and Welfare one of the two nominees nominated by the Advisory Commission for nomination to said office?

"2. If the answer to the first question is affirmative, what is the time limit within which the appointment must be made?

"BE IT FURTHER RESOLVED:

"That the President of the Senate transmit seven copies of this Resolution to the Clerk of the Supreme Court for consideration by said court."

The following answers were returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court make the following answers to your inquiries filed in this court on February 26, 1974, with reference to Senate bill 25, and procedures to be followed with respect to the appointment of a commissioner of health and welfare. If our answer is to be of assistance, time limitations prevent extensive review of considerations leading to the opinions here expressed. Your questions relate to matters with which Senate bill 25 is con-

cerned, and the bill is currently before you for consideration. We deem it a proper occasion for an advisory opinion upon the assumption that you will thereby be assisted in the performance of your legislative duties. *Opinion of the Justices,* 110 N.H. 359, 266 A.2d 823 (1970); *Opinion of the Justices,* 102 N.H. 183, 152 A.2d 870 (1959); *see Opinion of the Justices,* 67 N.H. 600, 601, 43 A. 1074 (1892).

Your resolution states that pursuant to RSA 126-A:4 the advisory commission on health and welfare has nominated two candidates for the office of commissioner of health and welfare, and that the Governor and Council has refused to appoint from these nominees, so that a failure of appointment has resulted. You ask, first: "Is the Governor and Council required to appoint to the office of Commissioner of Health and Welfare one of the two nominees nominated by the Advisory Commission for nomination to said office?"

In a recent advisory opinion returned to the Governor and Council, we gave our opinion that the "mandatory language of RSA 126-A:4 (Supp. 1972)" compelled an answer that the Governor and Council may not designate an individual to serve in the capacity of commissioner. *Opinion of the Justices,* 113 N.H. 675, 312 A.2d 702 (1973).

The "mandatory language" in question provides in part that the commissioner "shall be appointed by the governor and council from two or more nominees ... nominated by the advisory commission established by this chapter." RSA 126-A:4 (Supp. 1973). The legislature may properly prescribe how this appointment shall be made. N.H. Const. pt. II, art. 5; *Opinion of the Justices,* 110 N.H. 359, 266 A.2d 823 (1970); *O'Neil v. Thomson,* 114 N.H. 155, 316 A.2d 168 (1974); *Seidenberg v. New Mexico Bd. of Medical Examiners,* 80 N.M. 135, 452 P.2d 469 (1969); *Lanza v. Wagner,* 11 N.Y.2d 317, 183 N.E.2d 670, 229 N.Y.S.2d 380 (1962); *see* Annot., 97 A.L.R.2d 361 (1964).

The legislative history of chapter 126-A, referred to in the cited opinion to the Governor and Council, shows that section 4, as originally enacted in 1961, provided for appointment by that body simply "upon nomination by the advisory commission". Laws 1961, 222:1. The section in its present form provides for appointment from "two or more nominees

or if agreeable to the governor, a lesser number", a provision which was inserted in 1965 (Laws 1965, 352:1), as a method calculated to "allow two choices to be made, with the person making the appointment being able to choose from the two, or he may waive this". N.H.S. Jour. 1189 (June 30, 1965). It fairly appears both from the legislative history and the language of the statute, that it was intended that the Governor and Council should appoint from one or more nominees submitted by the advisory commission.

The answer to your first question is that the Governor and Council is required to appoint one of the two nominees nominated by the commission.

Your second question is: "If the answer to the first question is affirmative what is the time limit within which the appointment must be made?"

RSA 126-A:8 (Supp. 1973) suggests the desirability of avoiding delay in excess of thirty days in the appointment of commission members in order "that there shall be the least possible period of less than full membership". In contrast RSA 126-A:4 (Supp. 1973) contains no time limitation within which either nominations or an appointment of the commissioner shall be made. In the absence of any such limitation of time in section 4, the law would imply the limitation of a "reasonable time". *See Newcomb v. Ray*, 99 N.H. 463, 114 A.2d 882 (1955). Although discretion in choosing between nominees is vested in the Governor and Council, and they have a negative upon each other (N.H. CONST. pt. II, art. 47), the obligation to appoint rests upon both.

The determination of a reasonable time within which that obligation shall be fulfilled is to be made by them in the light of the need for continuity in the office in question, and the responsibilities of the appointing authorities "for the faithful execution of the laws" (N.H. CONST. pt. II, art. 41) and "for ordering and directing the affiars of the state". *Id.* pt. II, art. 62.

The answer to your second question is that the time limit within which the appointment must be made rests in the discretion of the Governor and Council, to be decided in the light of articles 41 and 62 *supra*, and in accordance with the dictates of good conscience and the public interest.

Since the impasse between the commission and the Governor and Council has existed for a period of three months their responsibilities suggest that the end of a reasonable time for making an appointment is near at hand. *See Opinion of the Justices,* 113 N.H. 675, 312 A.2d 702 (1973); RSA 4:3.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

March 6, 1974

Governor Meldrim Thomson, Jr., by his legal counsel, Charles G. Douglas III, for negative answer to question one.

Warren B. Rudman, attorney general, for negative answer to question one.

McLane, Graf, Greene & Brown, by Charles A. DeGrandpre, attorney, and Richard S. Snierson, attorney, for affirmative answer to question one.