Request of House of Representatives
No. 7151

OPINION OF THE JUSTICES

March 31, 1975

The following resolution was adopted by the house of representatives on March 5, 1975, and filed with the supreme court on March 6, 1975:

"Whereas there is pending in the House of Representatives House Bill No. 36, 'An Act relative to the length of time in which the governor and council must approve a commissioner of health and welfare'; and

"Whereas doubt has been expressed as to the constitutionality of certain provisions of said bill;

"Now, therefore, Be It Resolved by the House of Representatives;

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of law:

"1. Would any provision of the Constitution be violated by the provision in said bill establishing a sixty day time limit within which the governor and council must make an appointment to the office of Commissioner of Health and Welfare from the list of nominees furnished by the Advisory Commission?

"2. Would any provision of the Constitution be violated by the provision in said bill empowering the Advisory Commission to make an appointment to the office of Commissioner of Health and Welfare in the event that the governor and council shall fail to make an appointment within such sixty day period?

"Further resolved that the clerk of the house be instructed to transmit to the clerk of 'the Supreme Court six copies of this resolution and six copies of House Bill No. 36."

The following answers were returned:

*To the House of Representatives:*

The undersigned justices of the supreme court submit the following reply to the inquiries contained in your resolution adopted March 5, 1975, and filed with this court March 6, 1975.

Your questions relate to House bill 36 which authorizes the Governor and Council to appoint a commissioner of health and welfare from a list of nominees submitted by the advisory commission on health and welfare within a period of sixty days after such nominees are submitted. Upon a failure of the Governor and Council to make an appointment within the sixty days, the advisory commission is then authorized to appoint a commissioner of health and welfare within the next sixty days.

Question No. 1 asks whether any provision of the constitution would be violated by limiting the power of the Governor and Council to appoint to sixty days after the submission of nominees.

Question No. 2 asks whether any provisions of the constitution

would be violated by transferring the power of appointment to the advisory commission for sixty days upon failure of the Governor and Council to appoint within the first sixty-day period.

The constitution provides for certain constitutional State officers and directs the manner in which they are to be appointed or elected. Thus the secretary of state and the State treasurer are chosen by joint ballot of the senate and house of representatives. N.H. CONST. pt. II, art. 67. Judges, the attorney general, coroners and military officers are appointed by the Governor and Council. N.H. CONST. pt. II, art. 46. The method of selection of constitutional officers is provided by the constitution and may not be altered by the legislature.

All other officers occupy positions established by the legislature and the method of their election or appointment is determined by the legislature. The constitution authorizes the legislature "to name and settle biennially, or provide by fixed laws for the naming and settling, all civil officers within this state." N.H. CONST. pt. II, art. 5. Since the legislature has the power to name a commissioner of health and welfare, it has the power to delegate the appointing power to either the Governor and Council or the advisory commission or both. *Opinion of the Justices,* 102 N.H. 195, 197, 152 A.2d 878, 880 (1959).

In previous answers to questions arising from the impasse between the Governor and Council and the advisory commission in the appointment of a commissioner of health and welfare under the present law (RSA 126-A:4 (Supp. 1973)), we have stated that the legislature may properly prescribe how and by whom the appointment shall be made. *Opinion of the Justices,* 113 N.H. 675, 312 A.2d 702 (1973); N.H. CONST. pt. II, art. 41; *Opinion of the Justices,* 114 N.H. 165, 316 A.2d 174 (1974); *Brouillard v. Governor,* 114 N.H. 541, 323 A.2d 901 (1974).

The legislative power to determine the limitations upon the delegation of the power of appointment is not restricted to the present statutory provisions that the Governor and Council appoint from the nominees of the advisory commission. RSA 126-A:4 (Supp. 1973). House bill 36, placing a time limit on the power of the Governor and Council to appoint a commissioner and transferring the power of appointment to the advisory commission upon expiration of that time limit, is within the legislative authority. *See Opinion of the Justices,* 90 N.H. 568, 8 A.2d 597 (1939).

Reliance is placed on part II, article 47 of the constitution for holding the present proposed legislation unconstitutional. Article

47 reads as follows: "The governor and council shall have a negative on each other, both in the nominations and appointments. *Every nomination and appointment shall be signed by the governor and council, and every negative shall be also signed by the governor or council who made the same.*" (Emphasis added.)

Article 47 does not restrict the authority of the legislature under part II, article 5 of the constitution but prescribes the procedure for appointment of officers authorized to be appointed by Governor and Council under part II, article 46 of the constitution.

We conclude that the proposed legislation is consistent with article 5, part II of the constitution and is not in violation of other provisions of the constitution. Accordingly, the answer to both questions is "No".

> FRANK R. KENISON
> LAURENCE I. DUNCAN
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> ROBERT F. GRIFFITH