Merrimack
No. 7102

LAWRENCE BLAKE v. STATE OF NEW HAMPSHIRE

July 31, 1975

*Warren B. Rudman*, attorney general, and *Charles G. Cleaveland*, assistant attorney general *(Mr. Cleaveland* orally), for the State.

*Upton, Sanders & Smith (Mr. J. Gilbert Upton* orally) for the plaintiff.

PER CURIAM. On August 9, 1974, plaintiff filed a complaint in superior court against the State of New Hampshire claiming that he was illegally discharged from his employment with the State and seeking either reinstatement with back pay or damages. In the complaint as amended, plaintiff asserted that his discharge was illegal for three reasons: (1.) he was removed from office without cause and without prior notice and hearing in violation of his commission of office; (2.) his employment by the State constituted a contract at will which was terminated as the result of bad faith, malice and retaliation; and (3.) his employment with the State was terminated as a result of the exercise of his right of free speech as protected by the first and fourteenth amendments of the Federal Constitution, and without prior notice of the reasons for his discharge and an opportunity for a fair adversary hearing as required by the fourteenth amendment. The State moved to dismiss the complaint on the ground that even if the facts of plaintiff's allegations are admitted, there is no basis for legal relief. *Johnson*, J., reserved and transferred without ruling the question whether plaintiff's complaint states any cause of action which entitles him to relief.

On May 18, 1970, the plaintiff was appointed director of the business profits tax division of the State of New Hampshire by the State tax commission with the approval of the Governor and Council. *See* RSA 77-A:15 I (Business Profits Tax, Adminstration), amended effective September 1, 1973, RSA 77-A:15 I (Supp. 1973). The commission of office specified that the plaintiff was "[t]o have and to hold the said office, with all the powers, privileges and immunities to the same belonging, for the term from and after May 18, 1970, provided you are of good behavior during said term."

As director of the business profits tax division, the plaintiff was, according to the statutory description of the position, an unclassified State employee "who shall serve at the pleasure of the [tax] commission." RSA 77-A:15 I; *see* RSA 98:2 (State Employees' Personnel System, Classified Service and Exemptions); RSA 4:1 (Powers of Governor and Council, Removal of Public Officers for Cause). As a result of the legislative reorganization of the State tax commission effective September 1, 1973, employees of the business profits tax division were transferred to the department of revenue administration. Pursuant to the reorganization RSA 77-A:15 I was amended to provide that the director of the business profits tax division "shall serve at the pleasure of commissioner" (i.e. Commissioner of the Department of Revenue Administration). RSA 77-A:15 I (Supp. 1973); *see* RSA 77-A:1 II (Supp. 1973); RSA 71-A:3 (Supp. 1973) (Commissioner of Revenue Administration).

While he held the position of director of the business profits tax division, the plaintiff successfully administered and implemented the new business profits tax. By a memorandum dated July 30, 1974, the plaintiff was notified that "[u]nder the provisions of RSA 77-A:15, as amended, this memorandum is to advise you that your services are terminated as of this date."

For the purpose of the State's motion to dismiss based on the complaint, plaintiff's allegations of fact are assumed to be true. *Belisle v. Belisle,* 88 N.H. 459, 460-61, 191 A. 273, 274 (1937); *Barnard v. Insurance Co.,* 88 N.H. 292, 293, 188 A. 465, 466 (1936); *Cleaves v. Peterboro Basket Co.,* 54 F.2d 101, 103 (D.N.H. 1931). If the facts as alleged constitute a basis for legal relief on any one of plaintiff's three claims, the motion to dismiss should be denied. F. James, Civil Procedure § 4.1 (1965); *cf.* Fed. R. Civ. P. 7 (c), 12 (b) (6); 2A J. Moore, Federal Practice §7.06, at 1549 (1974); *id.* § 12.08, at 2265.

In support of his first claim the plaintiff argues that since his commission of office stated that he was to hold the office of director "from and after May 18, 1970, provided you are of good behavior during said term", he could be dismissed only for cause after notice and hearing. Since he was appointed director of the business profits tax division with the approval of the Governor and Council, granting him all constitutional and statutory authority pertaining to his position, the plaintiff was a commissioned State officer as well as an unclassified State employee. *See* RSA 98:2; RSA 77-A:15 I (Supp. 1973).

Part II, article 73 of the New Hampshire constitution requires

that the "tenure that all commissioned officers shall have by law in their offices shall be expressed in their respective commissions . . . ." The tenure of office provided by statute for the director of the business profits tax division is "at the pleasure of the commissioner" of revenue administration. RSA 77-A:15 I (Supp. 1973). The quoted part of RSA 77-A:15 I (Supp. 1973) is a specific exception to the general statutory. rule in this State that unclassified public officers appointed with the approval of the Governor and Council may be removed only for cause, "after public hearing and due notice of the charges preferred." RSA 4:1; *Barry v. King*, 106 N.H. 279, 281, 210 A.2d 161, 162 (1965); *Opinion of the Justices*, 115 N.H. 385, 341 A.2d 758 (1975).

Although the plaintiff's commission of office stated that he was to remain in office during good behavior, the State, without citing any supportive authority, takes the position that the failure of the commission of office to accurately express the tenure provided by RSA 77-A:15 I is of no consequence since the mere act of commissioning the plaintiff could not have enlarged the specific statutory limitations on his term of office. Plaintiff maintains that his reliance on the unambiguous language of the commission in accepting and pursuing his employment with the State for four years justifies application of the rule allowing dismissal only for cause after notice and hearing.

The State's failure in this case to follow the constitutional directive requiring the statutory tenure of all commissioned officers to be stated in their respective commissions, may have placed the plaintiff in a quandary as to whether his tenure was for good behavior as stated in the commission or at the pleasure of the commissioner as provided by RSA 77-A:15 I (Supp. 1973). A reasonable interpretation of the language contained in the commission would be that the plaintiff was to serve the State as long as he properly performed his duties. Assuming that the plaintiff can prove his alleged reliance on the language of the commission of office, he is entitled to the protection which that language affords to unclassified public employees. RSA 4:1; *Barry v. King*, 106 N.H. 279, 281, 210 A.2d 161, 162 (1965); *see* Annot., 99 A.L.R. 336, 368 (1935); *Shurtleff v. United States*, 189 U.S. 311, 314 (1903). *See also Arnett v. Kennedy*, 416 U.S. 134, 181 (1974) (White, J., concurring in part and dissenting in part). Providing protection to the plaintiff commensurate with the extent of his reliance on the express terms of his commission comports with the important policy of attracting and retaining qualified individuals in the service of this State.

Since the plaintiff's first reason for claiming that his discharge was illegal states a cause of action entitling him to be heard, it is unnecessary to reach the merit of his other two claims as to which we express no opinion prior to trial. The State's motion to dismiss should be denied.

*Remanded.*