Francis DOWNING, Plaintiff,

v.

Frederick ARNOLD et al., Defendants.

No. CV 77–239.

United States District Court,
D. New Hampshire.

Aug. 4, 1978.

Robert T. Clark, Cleveland, Waters & Bass, Concord, N. H., for plaintiff Francis Downing.

Andrew D. Dunn, Devine, Millimet, Stahl & Branch, Manchester, N. H., for defendants Frederick Arnold et al.

## OPINION

REAL, District Judge, Sitting by Designation.

Defendants have moved for summary judgment claiming there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

## FACTS

Plaintiff's concern with these defendants did not start with the filing of the complaint in this action.

Plaintiff was employed by the University of New Hampshire in 1972 and held that employment until he was discharged in 1975 on the general grounds of unsatisfactory work. Plaintiff then undertook the University's Complaint and Grievance Procedure (hereafter UCGP). The UCGP is a five step procedure with given time limits for each step. Plaintiff completed steps one and two.

At the third step of the procedure, after having been denied relief in steps 1 and 2, plaintiff asked to be represented by a field representative of the State Employees' Association of New Hampshire, Inc. (hereafter SEA). Plaintiff was informed that an SEA field representative did not qualify under UCGP and would not be permitted to represent him. Plaintiff then sought private

counsel and was informed that private counsel did not qualify and would not be permitted to participate. The UCGP provided a list of qualified faculty and employees of the University system to aid those who desired to undertake the grievance procedures. Plaintiff filed suit on the day before the scheduled hearing for the third step, *Downing v. Lebritton, et al.,* Civil Action 76–47.

Plaintiff thereupon terminated his attempts to proceed with the UCGP and elected to proceed in the United States District Court claiming a deprivation of due process of law arising out of the limitation of representation requirements of the UCGP.

Judgment was entered adversely to plaintiff and his appeal was unavailing. *Downing v. Lebritton,* 550 F.2d 689 (1st Cir. 1977).

In its considerations the Court of Appeal—reviewing the procedure—laid the constitutional imprimatur of due process upon the UCGP.

Plaintiff then returned to the University process attempting to proceed with the remaining steps of the UCGP he had previously eschewed in favor of court action. That attempt met with failure on the ground that plaintiff had failed to make arrangements to suspend or waive the time limits of the UCGP and he could not therefore proceed.

Plaintiff thereupon filed this action pursuant to 42 U.S.C. § 1983 claiming that the refusal of the defendant amounts to a violation of due process of law.

Defendants move for summary judgment on the ground that plaintiff is barred by the res judicata effects of *Downing (supra)* and time barred under the UCGP.

### PLAINTIFF'S CLAIM AND DUE PROCESS

42 U.S.C. § 1983 provides in pertinent part

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . in an action at law, suit in equity, or other proper proceeding for redress.

Violation of due process claims have consistently been considered under § 1983. But consideration need not be automatic just because claims of due process are involved. It is the denial of a right secured under the constitution or laws of the United States that is cognizable under this section. There is therefore a twofold analysis which must be made to ground this Court's jurisdiction under § 1983.

1. Is the right to be vindicated one which is created directly by Constitutional or statutory enactment? or

2. Is the claim one for an interest that cannot be denied or otherwise abridged without a procedure which affords due process of law.

Within the first consideration are generally those cases involving the deprivation of a constitutional right i. e. freedom of speech, false arrest, false imprisonment, unreasonable searches and seizures, etc. These are rights where jurisdiction is constitutionally mandated in a federal court without resort to state procedures.

The second consideration is directly related to the due process clause of the 5th Amendment of the United States Constitution. Where the claim is one involving due process made binding on the States by reason of the 14th Amendment a more difficult analysis arises. The impact is particularly critical where, as in this case, plaintiff has available a state procedure for the protection of his employment rights vis a vis a state agency. However the right to employment is described, whether property right or something less than a property right the result is the same. The nature of the right is be determined by state law. *Downing (supra)* at p. 690. The Supreme Court of New Hampshire has addressed the question adversely to plaintiff's position.

*Blake v. New Hampshire,* 115 N.H. 431, 343 A.2d 223 (1975). In such a situation federal courts ought be concerned only with the constitutional aspect of due process i. e., the availability of a procedure which comports with traditional notions of due process requiring notice and fair hearing. Plaintiff's concern with the procedures afforded him by the State of New Hampshire has been decided in *Downing v. Lebritton,* 550 F.2d 689 (1st Cir. 1977) where the Court reviewed and approved the UCGP. He ought not be able to relitigate that aspect of his claim here.

Plaintiff then argues that he has been denied due process because the state has decided that he has waived steps 3, 4, and 5 of the established procedure by his failure to make arrangements to suspend or waive the time limits provided by the UCGP. Plaintiff claims that his abandonment of the procedure to bring a federal court action was the exercise of a constitutional right and cannot thereby be termed a waiver. Plaintiff misses the point. He could well have completed the state procedure—or made arrangements to suspend them—and still preserved his right of action in a federal court to attack what he claimed was a procedure lacking in constitutional due process. No stay was requested either under the UCGP or of the Court in the previous litigation.

More importantly the thrust of plaintiff's claim for relief here although termed in the legalese of injunction—is in reality a request for this Court to order by way of mandamus the defendants to afford him steps 3, 4, and 5 of the UCGP. This Court has no jurisdiction to require state officials to perform their duty within the strictures of state procedures, *Clark v. State of Washington,* 366 F.2d 678 (9th Cir. 1966), *Haggard v. State of Tennessee,* 421 F.2d 1384 (6th Cir. 1970), *Russell v. Knight,* 488 F.2d 96 (5th Cir. 1973).

Plaintiff here is not complaining that the procedure afforded by the state is constitutionally inadequate. *Downing v. Lebritton,* 550 F.2d 689 (1st Cir. 1977) fore-

closes that claim. Nor is he claiming that state procedures would not vindicate his claims. He simply relies on the claim that he has been unconstitutionally deprived of a proper decision by state officials and wants this Court to change that decision. When constitutional rights are threatened federal courts ought to be alert to their duty to act. Where state procedures are questioned constitutional rights may, but are not necessarily, involved in each claim. So it is here. A rose is still a rose. When properly vindicated by adequate and available state procedures, these procedures should not be bypassed because parties utter the magic numbers 42 U.S.C. § 1983. See *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978).

The motion is granted.

The action is dismissed.