**In the Matter of an Application to Enforce Administrative Subpoena Duces Tecum of the SECURITIES AND EXCHANGE COMMISSION**

v.

**AMARILLO NATIONAL BANK.**

**Civ. A. No. CA2–78–105.**

United States District Court, N. D. Texas, Amarillo Division.

June 8, 1979.

Cecil S. Mathis, Jr., David A. Watson, Steven K. McGinnis, Fort Worth, Tex., for plaintiff.

D. Barry Stone, Amarillo, Tex., for defendant.

## ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

On July 1, 1978, as a part of its investigation of OKC Corp., the SEC subpoenaed certain documents of the Amarillo National Bank. On August 7, 1978, the bank failed to comply with the subpoena and on August 16, 1978, the SEC filed this subpoena enforcement action. OKC has moved to intervene under Rule 24(a) and (b), Fed.R.Civ.P.[1] The proposed intervention is not proper under either subsection of Rule 24 and is hereby DENIED.

Rule 24(a)(2) provides that an applicant has the right to intervene when he "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

OKC lacks a sufficient interest in any of the papers subpoenaed to justify intervention as of right. In *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970), the taxpayer sought to intervene in a subpoena enforcement action in which the Internal Revenue Service issued summonses to his former employer and its accountant for the production of the employer's records of Donaldson's employment and compensation. Donaldson's asserted interest was not that he actually owned the papers subpoenaed, but was only that the papers contained details about him that were significant for federal income tax purpose. The Supreme Court held that such an interest was not the kind contemplated by Rule 24(a)(2) and thus intervention as of right was improper.

OKC, however, contends that its interest is greater than that of the taxpayer in *Donaldson*. It seeks to intervene to "protect its constitutional right against unreasonable search and seizure and abuse of its privileged documents." Specifically, it claims that the SEC's investigation, pursuant to which this subpoena was issued, is based on a privileged report prepared for OKC by the Dallas law firm of Locke, Purnell, Boren, Laney & Neely. OKC contends that the SEC, in obtaining and using the report, has violated OKC's fourth amendment rights and is interfering with the attorney-client privilege. OKC submits that these interests are sufficient to justify intervention as of right and relies for support on *Reisman v. Chaplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). In that case, the Supreme Court stated that "both parties summoned and those affected by a disclosure may appear or intervene before the District Court and challenge a summons by asserting their constitutional and other claims."

OKC reads *Reisman* too broadly. This language does not guarantee intervention for a taxpayer who asserts such claims; rather the court in *Donaldson* stated that a taxpayer meeting the requirements of *Reisman* is only entitled to *permissive* intervention. 400 U.S. at 529, 91 S.Ct. 534.

1. Believing that the SEC did not oppose the intervention, this court originally granted OKC's motion. The SEC then informed the court that it had not been served with OKC's motion, and the court stated that it would reconsider OKC's motion after the SEC filed its response. This order reconsiders the court's original decision.

All issues that OKC here raises, because they have been fully raised and· argued by OKC in other actions and have been adjudicated against that corporation, do not justify permissive intervention. In *OKC v. Williams*, 461 F.Supp. 54 (D.C.1978), this court determined that the SEC is lawfully in possession of the Locke, Purnell report and has not violated OKC's fourth amendment rights. Enforcing the SEC's subpoena against OKC in *SEC v. OKC,* 474 F.Supp. 1031, this court found that the SEC has not violated OKC's Fourth Amendment rights and that any privilege in the Locke, Purnell report that OKC may have enjoyed does not justify quashing the SEC's subpoena. These are precisely the issues that OKC here raises to support its proposed intervention. This court is unwilling to allow OKC to intervene in this enforcement action so that it may assert claims that have already been adjudicated and further delay the SEC's investigation.