## KING *vs.* DUNN.

In *trespass quare clausum fregit*, where the plaintiff declares setting out the close with abuttals, it is not necessary that he should, on the trial, show title to *every part* of it; it is enough if he show title to *that part of the close* in which the trespass was committed.

Where a plaintiff in error dies pending a writ of error, judgment of affirmance or reversal will be directed to be entered as of a term when he was alive, *nunc pro tunc.*

ERROR from the Washington C. P. *King* sued *Dunn* in the court below for breaking and entering his close, situate in the town of *Argyle,* and cutting and carrying away trees. The declaration contained two counts. The first count set out the boundaries of the close as follows: "bounded on the *west* by lands owned or possessed by *James Shannon,* on the *south* by lands, &c."—giving the name of the owner or occupant on each of the four sides. The second count was general, giving no boundary. The defendant pleaded first, not guilty to the whole declaration, and then a special plea of *liberum tenementum* to each

count; to which the plaintiff replied, taking issue. On the trial it appeared that the plaintiff and defendant severally owned lands in the town of *Argyle*. The close described in the first count contained 150 acres of land, of which the plaintiff owned all but a piece containing 25 acres in the *north-west* corner thereof, which belonged to *Ransom Stiles*. The trespass was committed on the *plaintiff's land* near the *north-east* corner of the close described in the declaration. The defendant moved for a nonsuit, insisting that the plaintiff could not recover under either count; not under the second, because the defendant had proved that he owned land in the town of Argyle; and not under the first count, because it *misdescribed* the close. The court decided that the plaintiff could not recover under either count. The plaintiff then asked leave to amend the first count by describing the close as bounded on the *north-west* by the land of *Stiles*. The court decided that it had no power to grant, the amendment, and nonsuited the plaintiff. He excepted, and now brings error.

*S. Stevens,* for the plaintiff in error.

*Allen & Blair,* for the defendant in error.

*By the Court,* Bronson, J. The defendant maintained his plea of *liberum tenementum* to the second count, by proving that he had lands in the town of Argyle, where the trespass was alleged to have been committed. If the plaintiff wished to avoid this consequence, he should either have described the close in the count, or have new assigned setting out the abuttals.

But the plaintiff was, I think, entitled to a verdict on the first count, notwithstanding the fact that a small part of the close described in the count was not owned by him, but by a stranger. The court below erred in treating this as a question of variance. There was just such a close or parcel of land as the declaration described; and the true question on the pleadings was, whether the plaintiff was bound to prove title to *every part* of the close. It was

enough that he showed title to that part of the close in which the trespass was committed. And so too of the defendant, although he pleaded that the whole close was his soil and freehold, he would have been entitled to a verdict on showing that he owned the part where the trespass was committed. *Stevens* v. *Whistler*, 11 East, 51. *Tapley* v. *Wainright*, 5 Barn. & Ald. 395. *Rich* v. *Rich*, 16 Wendell, 663.

As the plaintiff has died pending the writ of error, the judgment of reversal may be entered *nunc pro tunc* as of January term, 1836, when the plaintiff was alive.

Judgment reversed.