## BURNHAM & A. *v.* GOFFSTOWN AND DUNBARTON.

If there are objections to county commissioners, or referees, or other officers appointed by the court, or if the objection is that the court could not legally appoint such officers in a particular case, the objection must be made at the earliest opportunity after the facts upon which the objections are founded are known to the party.

And the party will be charged with knowledge of all facts which the records of the court in the particular case disclose.

The same principles apply in case of the appointment of county commissioners as in case of the selection of jurors. All objections founded upon facts which are disclosed by the records in the case must be made at the first opportunity, or they will be held to be waived.

A tax-payer has no right to appear to be heard, *as such*, in opposition to the laying out of a highway. All the tax-payers in a town are represented by the town.

PETITION of William B. Burnham and others against Goffstown and Dunbarton for a highway in said towns. The petition was filed April 2, 1870, and an order of notice was issued, returnable to May term, 1870, at which term the following order was entered on the docket: "Referred to commissioners of Merrimack and Hillsborough counties. All the commissioners being disqualified except Enoch Page, the court appoint the following committee: James Scott, Wm. T. Parker, and Moody Hobbs, of Hillsborough county; N. Butler, Oliver Pillsbury, and Enoch Page, of Merrimack county." The commission or order of reference issued to them described Scott as "appointed by the court in place of Gilman Scripture;" Parker as "appointed by the court

---

* See *Fisher* v. *Concord Railroad, ante,* p. 205.          REPORTER.

in place of William W. Johnson ; " Hobbs as " appointed by the court in place of Geo. W. Riddle," the commissioners of Hillsborough county ;—Butler as " appointed by the court in place of Eri Poor ; " Pillsbury as " appointed by the court in place of Daniel E. Hill ; " and Page as " commissioner of Merrimack county."

A similar petition had previously been referred to the commissioners of the two counties, who made two conflicting reports, whereupon the court made the following order at the January term, 1869 : " Reports and all proceedings quashed, without cost and without prejudice to petitioners." At the present term a unanimous report is made to the court, laying out the highway and apportioning the expense between the two towns. To this report two objections are made by Goffstown, and by one Kimball, a land-owner, and one Cheney, a tax-payer, both of Goffstown. The first objection is, that the appointment of the commissioners or committee, at the May term, 1870, was not authorized by law. The second objection is, that a mistake was made by the commissioners in apportioning the expense of the road to the towns. The affidavits taken, and all papers relating to the proceedings, are part of this case. When the commissioners were appointed, the towns were present by counsel and did not object. Kimball appeared before the commissioners and testified, and made no objection to the appointment or authority of the commissioners.

At the May term, 1870, Eri Poor, Daniel E. Hill, and Enoch Page were the commissioners of Merrimack county ; and Gilman Scripture, Wm. W. Johnson, and George W. Riddle were the commissioners of Hillsborough county. Goffstown, Kimball, and Cheney offered to prove that the only disqualification of said Poor, Hill, Scripture, and Johnson was, that they had acted as commissioners on a petition for the same highway, and had made conflicting reports—the commissioners from Merrimack county making one report, and the commissioners from Hillsborough county a different report. The questions of the competency and effect of this evidence were reserved.

*Burnham*, for the petitioners.

*Cross*, for Goffstown, Kimball, and Cheney.

*Tappan & Mugridge*, for Dunbarton.

SARGENT, J. The general jurisdiction of the subject of highways, except so far as it is conferred upon selectmen, is given to the supreme court at its trial terms. Gen'l Stats., ch. 189, sec. 3. The court having thus the general jurisdiction of the subject-matter, may properly send certain questions of fact to a jury, and other questions to the commissioners. Some may be sent to either, at the discretion of the court ; and some may go first to the one and then to the other, at the election of the parties or one of them. And it has been held that the same principles apply in case of the county commissioners as in case of jurors ; and that, if there are objections to the commissioners

known to the parties, they must be made seasonably, so that they may be obviated ; and if not thus made, when known, they will be considered ' as waived, however valid the objection would have been if made, however fatal the exception if taken ; and after verdict, it is too late to take an exception that could have been taken earlier. *Haynes* v. *Thom*, 28 N. H. 386 ; *Frost* v. *Martin*, 29 N. H. 306 ; *Knowles* v. *Dow*, 22 N. H. 388, 411 ; *Watson* v. *Walker*, 23 N. H. 471 ; *State* v. *Flanders*, 38 N. H. 324 ; *Goodwin* v. *Milton*, 25 N. H. 458, 470 ; *State* v. *Daniels*, 44 N. H. 385.

Exceptions to jurors, known to the party or his counsel at the trial, must be taken before verdict. *Rollins* v. *Ames*, 2 N. H. 349 ; *State* v. *Daniels*, and the other cases above cited.

So where the ground of exception appears upon the venires on file with the clerk, that is notice of record to all persons, and it is the duty of the party to object before verdict, or the objection is waived. *Pittsfield* v. *Barnstead*, 40 N. H. 478 ; *Bodge* v. *Foss*, 39 N. H. 406 ; *State* v. *Hascall*, 6 N. H. 352.

In this case it is found that the counsel for the town of Goffstown were present when the court found the fact that the regular commissioners were disqualified, and made a record of that finding ; and if the finding was wrong, he should have excepted to it ; if it was found upon improper or incompetent evidence, that exception should have been taken ; and if there was any evidence within his knowledge bearing upon that question, that was the time to have introduced it.   After this question was settled, the court proceeded to appoint others in place of these commissioners thus held to be disqualified.   This was also done in the presence of the counsel for Goffstown, knowing all objections which are now known ; and no exception was taken.

But this is not all.   When the town, and when Kimball, the landowner, appeared before the board of commissioners, they knew or might have known all the facts in the case, for the record of these facts existing in court operated as notice to all parties who might come before the board.   *Barnstead* v. *Pittsfield*, 40 N. H. 478 ; *Wilcox* v. *School District*, 26 N. H. 303.   And if they had no opportunity before, they should then have made their objections.   But they did not.   They went through the hearing, recognizing the jurisdiction and authority of the commissioners, and waited until the report was made and returned into court.   Their objection now comes too late.   *State* v. *Paige*, 35 N. H. 378 ; *White* v. *Landaff*, 35 N. H. 132 ; *Kennett's Petition*, 24 N. H. 141.

Kimball has no reason to object, for he can lose nothing in any event.   If we confirm the doings of the commissioners and render judgment on their reports, he gets the damages awarded him.   If he is satisfid with these damages, he can receive them, and all is well ; if he is dissatisfied with them, he can take his appeal and prosecute it to recover higher damages, just as though the regular board had laid out the highway.   He certainly has nothing to complain of.

Mr. Cheney, who seeks to come in as a tax-payer, has no right to appear and no claim to be heard, either in court or before the commissioners, except as one of the public.   His interest is too remote ; he is

represented, as are all other tax-payers in town, by the town, which is the body, the aggregation of all the tax-payers and voters and citizens who reside in it. The town is represented here, and that is all the representation to which the tax-payers, as such, are entitled.

But it is said that exceptions to the jurisdiction of a court or other tribunal cannot be waived by any omission or neglect of the party to take the exceptions. But here the court has jurisdiction of the whole matter; may refer the petition to commissioners or not, as they see cause; may examine their report when returned to court, and accept, reject, or recommit the same. There is no objection to the jurisdiction of the court; and any objection that might be made to the commissioners may be waived by agreement, and the counsel for the town in this case is estopped to say that he has not agreed to all that has been done in the premises to which he now objects. He was present when it was all done, and did not then object.

It can make no difference that the court called them a committee. Their commission was issued to them as county commissioners, commanding them to perform the duties of commissioners; they were sworn as county commissioners, gave notice as such, claimed to act and acted as commissioners, and have made their report to court as commissioners; and a judgment on such report will make as valid a highway as upon the report of any other board of commissioners whatever. *Ipswich* v. *County Commissioners*, 10 Pick. 519; *Danvers* v. *County Commissioners*, 2 Met. 185; *Commissioners, &c.,* v. *The Judges, &c.,* 7 Wend. 264.

The court is not authorized by law to appoint a referee in any case, unless it be done by the agreement of parties. But if the court should appoint a referee in a cause, in the presence of a party and with his knowledge, and he did not object, he could not afterwards be heard to object upon that ground; and so, if a referee should be appointed in the absence of a party and without his knowledge, yet when the referee calls out the parties for a hearing before him, objection should be made before the referee at the earliest time practicable. But if a party appears, and is heard, and submits his cause to the referee without objection, he cannot lie by until the report is made, and then, if it is adverse to him, object to it, on the ground that the appointment of the referee was not authorized by law.

We have examined the evidence taken in the case upon the question of the apportionment of the expense of constructing the road between the towns, and we think that no mistake was made by the commissioners upon that point, but that their conclusions were right. There must be

*Judgment on the report.*