Grafton,  }
March 3, 1903. }

## PROFILE & FLUME HOTELS CO. v. BICKFORD.

In an action of trespass *quare clausum*, the fact that the plaintiff describes his close as a single tract does not necessarily put the title to the whole in issue; and the party maintaining against the other a right to the possession of that portion of the premises where the trespass was committed is entitled to judgment, without reference to the title of the remainder of the land described in the declaration or plea.

A deposition of a party, which would be incompetent if offered as substantive evidence, is admissible to prove admissions or declarations of the deponent pertinent to the issues on trial.

TRESPASS *quare clausum*.   Trial at the September term, 1902, of the superior court before *Wallace*, C. J.

The plaintiffs described their close as Lot No. 11, Range 8, in Franconia. This lot contains about 160 acres, and was at one time divided into four quarters or sections, the first north quarter being a parallelogram off the north side of the lot, the second north quarter a similar tract just below the first north quarter, the first south quarter a parallelogram off the south side of the lot, and the second south quarter the tract between the first south and second north quarters. Each quarter contained about thirty-nine acres. The alleged trespass was upon the first south quarter. The defendant pleaded title in himself to the south quarters, and the general issue.

The defendant claimed that the title to that quarter only upon which the trespass was committed was in issue. Subject to exception, the court ruled that the title to the whole lot was involved. It was found that the plaintiffs were in possession of the first south quarter, and that there was no evidence of title in the defendant to this quarter.

Subject to exception, the plaintiffs introduced certain parts of the defendant's deposition taken by them on August 13, 1902, as admissions showing the defendant's knowledge of the plaintiffs' possession of the land in dispute. The deposition was not filed until during the trial, on October 2, when the defendant was in court ready to testify.

The court found a verdict for the plaintiffs, and reported various rulings as to the title of the plaintiffs to the whole lot, which are not material to the result reached in the opinion.

*Batchellor & Mitchell* and *Smith & Smith*, for the plaintiffs.

*George F. Morris, William H. Sawyer,* and *Scott Sloane,* for the defendant.

PARSONS, C. J. The fact that the plaintiffs described their close as a single tract did not necessarily put the title to the whole in issue, and the ruling to that effect at the trial was erroneous. *Cassidy* v. *Mudgett,* 71 N. H. 491. The gist of the action of trespass *quare clausum* is the disturbance to the possession. Either party who maintains against the other his right to the possession of that portion of the premises where the trespass was committed is entitled to judgment, without reference to the title or right of possession in the balance of the land described in the declaration or plea. The plaintiff, having the right to the spot trespassed upon, recovers because his possession has been disturbed; while, on the contrary, the defendant, by proving his right to all the land upon which he entered, establishes his non-disturbance of the

plaintiff's possession.  The allegation as to title to the whole close, whether in the declaration or plea, is divisible, and is sustained by proof of title to that part where the trespass occurred, although the adverse party owns other portions of the close.  *Knowles* v. *Dow*, 20 N. H. 135 ; *Wheeler* v. *Rowell*, 7 N. H. 515 ; *Peaslee* v. *Wadleigh*, 5 N. H. 317 ; *Rich* v. *Rich*, 16 Wend. 663, 671 ; *King* v. *Dunn*, 21 Wend. 253 ; *Richards* v. *Peake*, 2 B. & C. 918 ; *Tapley* v. *Wainwright*, 5 B. & Ad. 395 ; *Bassett* v. *Mitchell*, 2 B. & Ad. 99 ; *Smith* v. *Royston*, 8 M. & W. 381 ; 2 Gr. Ev., *ss.* 613, 618, 626.

In the present case, the defendant did not trespass upon or claim title to either of the north quarters ; consequently the title to these quarters was in no way involved in the suit.  If under his plea of not guilty it had been established that no trespass had been committed upon any quarter, the defendant would have been entitled to judgment, and the question of title to no part of the lot would have been involved.  It has been found that the defendant did trespass upon the first south quarter, of which the plaintiff was in possession, a fact admitted by the plea *liberum tenementum* (2 Gr. Ev., *s.* 626) ; and as it is conceded the defendant showed no title to this quarter, the defendant fails on both pleas as to this land, and the plaintiffs are entitled to judgment without reference to the state of their title to the balance of the lot.  Whether the plaintiffs or the defendants have title to the second south quarter, is immaterial here.  If it were determined that the defendant had the title, the judgment required in this suit would in no way be affected.  As the title of the parties to the second south quarter is not material to the judgment, the title thereto cannot be determined by the judgment to be now rendered, and a discussion of the legal questions presented by the claims of the parties as to such title would serve no useful purpose.  The plaintiffs have not deemed it wise to transform their action by amendment, so that a judgment deciding the question of title could be rendered, and the question of title to the second south quarter must remain undetermined by this suit.  The rulings of the court upon the question of title favorable to the plaintiffs, to which the defendant excepts, have not been considered, because, conceding them all to have been erroneous, nevertheless, in this form of action the plaintiffs would still be entitled to judgment upon the verdict.

If the deposition of the defendant was incompetent as substantive evidence, either because not filed as required by statute or because the deponent was present in court, nevertheless, any admissions or declarations of the defendant pertinent to any issue on trial were competent to be proved by the adverse party ; and

it is immaterial whether such declarations were proved by oral testimony of one who heard them, or by the defendant's signed statement in the form of a deposition. *Phenix Ins. Co.* v. *Clark*, 58 N. H. 164.

The exception to the ruling that the title to the whole of the land described in the declaration was in issue is sustained. The exception to the use of the deposition permitted is overruled. The remaining exceptions are not considered. The order is,

*Judgment for the plaintiffs.*

All concurred.