Coos,
No. 5213.

COMMUNITY OIL CO.

*v.*

ROBERT WELCH.

Argued March 3, 1964.
Decided March 31, 1964.

*McLane, Carleton, Graf, Greene & Brown* and *G. Marshall Abbey* (*Mr. Abbey* orally), for the plaintiff.

*Mack M. Mussman* (by brief and orally), for the defendant.

LAMPRON, J. The first question transferred is the following: "Is the defendant's affidavit of defense a sufficient counter-affidavit for the purpose of RSA 491:8-a or should the facts stated in the plaintiff's affidavit be taken as admitted"?

The mission of the summary judgment procedure is to "pierce the pleadings and assess the proof" (6 Moore's Federal Practice (2d *ed.*) *s.* 56 (e)) in order to determine if there is a genuine issue of material fact requiring a formal trial of the action. *Nashua Trust Co.* v. *Sardonis*, 101 N. H. 166, 170; *Salitan* v. *Tinkham*, 103 N. H. 100, 102; *Richard* v. *Credit Suisse*, 242 N. Y. 346, 350. To accomplish its purpose of expediting litigation when it appears no such issue exists, RSA 491:8-a (supp) provides that in "any action founded on contract in which the plaintiff seeks to recover a debt or liquidated demand, either party may, at any time after the defendant has appeared, move for immediate entry of judgment, setting forth with particulars his cause of action or his defense."

The plaintiff which seeks a liquidated demand of $3,235.51 for goods allegedly sold to the defendant has filed such a motion for summary judgment. No claim is made that the affidavit accompanying this motion was not one "based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify" as required by the statute. Accordingly the facts stated in the affidavit "shall be taken to be admitted for the purpose of the motion unless within fifteen days contradictory affidavits based on personal knowledge are filed or the opposing party shall file an affidavit showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits."

The only documents filed on behalf of the defendant were an answer by counsel "that the defendant has a valid defense to the action in that he does not owe the plaintiff any sum of money" and an accompanying affidavit by the defendant himself stating "I have a valid defense in that I do not owe the

plaintiff the sum of $3,235.51."

"It is well settled that mere allegations in a pleading or denial are not enough to create a genuine issue of material fact as against a showing of evidence contrary to the allegations." *Nashua Trust Co.* v. *Sardonis,* 101 N. H. 166, 170; 3 Barron and Holtzoff, Federal Practice and Procedure, s. 1235.1. It is also general law that mere denials, such as were filed by the defendant, unaccompanied by facts which would be admissible in evidence to contradict plaintiff's affidavit, are not sufficient to raise a genuine issue of material fact. *Salitan* v. *Tinkham,* 103 N. H. 100, 103; *Bruce Construction Corp.* v. *United States,* 242 F. 2d 873, 877 (5th Cir. 1957); *Minnesota Min. & Mfg. Co.,* v. *Superior Insulating Tape Co.,* 284 F. 2d 478, 483 (8th Cir. 1960); 6 Moore's Federal Practice (2d *ed.*) ss. 56 (e); 56.15 [3]; 69 Harv. L. Rev. 839, 842; 77 Harv. L. Rev. 801, 825-828; 51 Mich. L. Rev. 1143, 1159.

We hold that the answer and affidavit filed by the defendant did not satisfy the requirements of RSA 491:8-a (supp) and did not constitute a sufficient counter-affidavit thereunder. *Nashua Trust Co.* v. *Sardonis,* 101 N. H. 166, 170. In accordance with its provisions, the facts stated in plaintiff's affidavit "shall be taken to be admitted" for the purpose of its motion for summary judgment. Consequently judgment for the plaintiff could "be entered on the next judgment day in accordance with the facts or such further order made as justice may require." RSA 491:8-a (supp).

This brings us to consideration of the second question transferred, viz, "If the defendant's affidavit is insufficient, does the Court have discretion to permit the defendant to amend its affidavit"?

It is generally agreed that with the increased litigation faced by most courts a procedure such as summary judgment designed to save time, effort and expense by the expedition of cases where there is no material issue to be tried is indispensable to the efficient administration of justice. However, its purpose should not be, and is not, to deny litigants a right of trial if they really have material issues to litigate. *National Screen Service Corp.* v. *Porter Exchange, Inc.,* 305 F. 2d 647 (5th Cir. 1962); *Haag* v. *International Telephone and Telegraph Corp.,* 324 F. 2d 205, 206 (7th Cir. 1963).

It has long been the recognized practice in this jurisdiction to permit amendments when seasonably sought and the opposing

party will not be prejudiced. *LePage* v. *Company*, 97 N. H. 46, 50; RSA 514:9; Rules of Superior Court (May 1, 1963) 19, 20. (RSA ch. 491 App. (supp) 271). The inquiry whether an amendment is necessary to prevent injustice is a discretionary question of fact for the Trial Court not reviewable here except for abuse of that discretion. *Whitney* v. *Hood & Sons*, 88 N. H. 483; *Mansfield* v. *Finance Corp.*, 99 N. H. 352, 356.

We hold that the Trial Court has discretion to permit a party to amend his affidavit. In such a case the burden of proof is on the moving party and the discretion should be exercised with caution having in mind the primary objectives of the summary judgment statute. See *Fletcher* v. *Nostadt*, 205 F. 2d 896 (4th Cir. 1953); *Castner* v. *First National Bank of Anchorage*, 278 F. 2d 376, 385 (9th Cir. 1960); 6 Moore's Federal Practice (2d *ed.*) *s.* 56.16 [6].

*Remanded.*

All concurred.