Hillsborough,
No. 5678.

ROLAND SILVER *& a.*

*v.*

FIRST NATIONAL BANK.

Argued October 4, 1967.
Decided December 29, 1967.

*Hall, Zellers, Morse & Gallagher* ( *Mr. Charles T. Gallagher* orally ), for the plaintiffs.

*Cleveland, Waters & Bass* and *Douglas S. Hatfield, Jr.* ( *Mr. Robert P. Bass, Jr.* orally ), for the defendant.

KENISON, C. J.   The Trial Court found "there was a lack of due diligence on the part of the defendant in not adjourning the sale in that the ordinary person of average prudence under the circumstances would have adjourned the sale for a reasonable time." Accurately speaking a mortgagee under a power of sale mortgage is not a trustee. 1 Scott, Trusts, *s.* 9 ( 3d *ed.* 1967 ); Restatement ( Second ), Trusts, *s.* 9; 1 Bogert, Trusts & Trustees, *s.* 29 ( 2d *ed.* 1965 ). "The mortgagee on whom the power is conferred is not, of course, a trustee or fiduciary within an accurate use of those terms." 4 American Law of Property, *s.* 16.207, *p.* 505 ( 1952 ). See also, Osborne, Mortgages, 1003 ( 1951 ). Nevertheless it has been recognized in this jurisdiction and elsewhere that the mortgagee is required to conduct the foreclosure sale "in the exercise of good faith and due diligence to protect the mortgagor's interest." *Wheeler* v. *Slocinski,* 82 N. H. 211, 213; *Armille* v. *Lovett,* 100 N. H. 203, 206; *Reconstruction &c. Corp.* v. *Faulkner,* 101 N. H. 352. While in exercising the

power of sale granted by the mortgage, the mortgagee acts to enforce his own interest, he is required to do so with due regard for the interest of the owner of the equity of redemption who has authorized him to act.

In this case there was evidence that on October 14, 1961, two days before the sale the bank was aware that the plaintiffs had not received the notices of the foreclosure and the bank had received a check in payment of interest. While the interest payment received by the bank, which was subsequently returned, did not constitute any waiver of the right to foreclose ( *Dugan* v. *Association,* 92 N. H. 44, 47 ), it was a factor, together with the lateness of notice of the date of the foreclosure sale, which warrants the finding of the Trial Court that due diligence on the part of the bank to protect the mortgagor's interest required an adjournment of the sale for a reasonable time. *Wheeler* v. *Slocinski,* 82 N. H. 211, 214. See *Dugan* v. *Association,* 92 N. H. 42, 48; *DesLauries* v. *Shea,* 300 Mass. 30.

The plaintiffs contend that the proper measure of damages is the fair market value of the property less the amount due on the mortgage. We are not dealing with a foreclosure sale that is illegal, or premature or unknown to the mortgagor. *Guay* v. *Association,* 87 N. H. 216. The Trial Court followed the rules set forth in *Wheeler* v. *Slocinski,* 82 N. H. 211, 215 that "the defendant's loss is shown by the price obtainable on a fair sale reasonably adjourned rather than the price obtainable when the season for selling was most favorable." This measure of damages was followed in *Reconstruction &c. Corp.* v. *Faulkner,* 101 N. H. 352, 361 in the following language: "As the rule is understood, a fair and reasonable price under the circumstances in which the mortgagee acts is what is required. The test is not 'fair market value' as in eminent domain cases nor is the mortgagee bound to give credit for the highest possible amount which might be obtained under different circumstances, as at an owner's sale." We conclude that the Court committed no error in following *Slocinski* and *Faulkner.*

The defendant contends that there was no evidence as to the price the property would have brought at a reasonably adjourned sale. However there was evidence that the bank's auctioneer, who purchased the property for $2,400, would have paid as much as $3,000. There was also evidence that he sold the property in 1962

for $5,700 after putting in twenty-four days of labor. The property had been appraised by the bank for $4,750. From this evidence the Court could find, as it did, that the price obtainable on a fair sale reasonably adjourned would be $4,750. This latter amount, minus the amount due on the mortgage, resulted in a verdict for the plaintiffs in the sum of $2,390.04.

The plaintiffs argue that the defendant's exceptions should not be considered in this appeal because it filed no bill of exceptions or reserved case. From the briefs of counsel it appears that the proposed reserved case was not accepted by the Court and was amended by it. RSA 490:9, 10; Superior Court Rule 66; RSA 491 and App R66. The plaintiffs objected to the amendment and after hearing the Court granted the defendant's request that its exceptions be transferred. The reserved case as it reaches us states that "All exceptions taken by the parties . . . are reserved and transferred." Consequently the defendant's exceptions are properly before us in this appeal. *Cf.* Fourth Report, N. H. Judicial Council, *p.* 32 ( 1952 ).

> *Exceptions of both parties overruled;*
> *judgment on the verdict.*

All concurred.