Hillsborough
No. 78-163

RUDY LORTIE, ADMINISTRATOR OF ESTATE

OF SCOTT GUY LORTIE

v.

ROBERT BOIS, INDIVIDUALLY AND d/b/a

ROTO–ROOTER SEWER & DRAIN SERVICE

February 14, 1979

*Stark & Peltonen,* of Manchester (*Michael M. Ransmeier* orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* orally), for the defendant.

BROCK, J. The defendant appeals from denial of his motion for summary judgment in a wrongful death action. He moved for summary judgment pursuant to RSA 491:8-a (Supp. 1977) and submitted several affidavits in support thereof. The plaintiff objected and filed a counter-affidavit, sworn to by his attorney. The defendant then moved to strike the counter-affidavit on the ground that it was not based on

personal knowledge or admissible facts to which the affiant would be competent to testify. On May 12, 1977, the Trial Court (*Flynn*, J.) denied both the defendant's motion to strike and motion for summary judgment. The defendant excepted to both rulings and all questions of law were reserved and transferred.

The plaintiff's decedent, his 23-month-old son, drowned on May 17, 1973, after falling into a septic tank whose cover had been removed to allow access by Roto-Rooter Sewer and Drain Service. The writ alleges that the defendant, Robert Bois, visited the subject premises on May 17, 1973, to provide "labor and services with regard to the septic tank," and that he negligently left the septic tank uncovered. The defendant, in support of his motion for summary judgment, filed several affidavits to the effect that he was not an agent or employee of Roto-Rooter, did not assist in any way in the work performed, and was present solely as a social companion to his brother-in-law, Daniel H. McCauley, who actually did the work. The defendant contends that if he did not assist Mr. McCauley in servicing the septic system, he cannot be held liable for negligent performance of that work and is entitled to judgment as a matter of law. W. PROSSER, LAW OF TORTS §§ 56, 104 (4th ed. 1971).

In objecting to the motion for summary judgment, the plaintiff submitted the affidavit of his attorney, which stated,

> Based on the police investigation, depositions, and other pre-trial discovery, the plaintiff represents that the evidence will be that Robert Bois entered upon the premises of Jacqueline Moore and undertook to perform services, namely the repair of a septic system; that Robert Bois did excavate on the premises and negligently did leave the cover off of the septic tank, into which the plaintiff's decedent, an infant of two years of age, did fall and drown.

If the plaintiff's affidavit is sufficient under RSA 491:8-a (Supp. 1977) a genuine issue of material fact exists as to whether Robert Bois participated in the repair work on the day in question, and the trial court properly denied the defendant's motion for summary judgment. RSA 491:8-a (Supp. 1977).

While the party opposing summary judgment may not rest upon mere denials, he may respond by an affidavit setting forth specific contradictory facts, and incorporating by reference existing products of discovery. RSA 491:8-a (Supp. 1977); *Arsenault v. Willis*, 117 N.H. 380 A.2d 264, 266 (1977). The plaintiff's affidavit here refers to

"depositions and other pre-trial discovery." While the affidavit could be more specific, it is clear on the record before us, and we presume was clear to the trial court, that the reference was to a deposition of the defendant taken in June 1975 in connection with this and several companion cases. In that deposition, Robert Bois stated under oath that he did perform work at the Moore residence on the day in question, including helping Mr. McCauley lift the cover off the septic tank. This statement of the defendant would be admissible upon trial as an admission of an adverse party. *Angelowitz v. Nolet*, 103 N.H. 347, 348, 172 A.2d 103, 104 (1961); *Profile & Flume Hotels Co. v. Bickford*, 72 N.H. 73, 54 A. 699 (1903). It was certainly appropriate for the trial court to consider the statement in determining whether a genuine issue of material fact existed.

 The defendant argues for a different result solely because the deposition referred to was not on file with the trial court at the time of the motion. *See* RSA 517:11. We disagree. The summary judgment statute does not expressly limit depositions that may be considered to those on file with the court. RSA 491:8-a (Supp. 1977); *accord*, FED. R. CIV. P. 56(c); 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2722 (1973). The affiant, counsel for the plaintiff, had personal knowledge of the contents of the deposition, and thus was in a position to direct the trial court's attention to it. On a motion for summary judgment the trial court was entitled in its discretion to rely on the representations of counsel concerning the contents of the deposition and other products of discovery. *Town of Gilmanton v. Champagne*, 116 N.H. 507, 509, 363 A.2d 411, 412 (1976). If the defendant seriously questioned the existence, authenticity, or contents of the deposition, he was obligated to raise those objections at the hearing. *See* 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2722 (1973). In the absence of a transcript of the hearing below, we presume that the proceedings supported the court's rulings. *Adams v. Adams*, 117 N.H. 43, 44, 369 A.2d 196, 197 (1977). Any error was harmless, as the defect could easily have been cured by either party filing a copy of Robert Bois' deposition with the court. *Community Oil Co. v. Welch*, 105 N.H. 320, 323, 199 A.2d 107, 110 (1964).

 While the trial court on a motion for summary judgment is not authorized to consider facts wholly outside the record, neither do we require that it close its eyes when presented with reliable evidence that a genuine issue of material fact exists. *Coburn v. First Equity Associates, Inc.*, 116 N.H. 522, 524–25, 363 A.2d 402, 404 (1976). "If there is such an issue, it is not the purpose of the act to foreclose a trial upon

technical grounds." *Chemical Insecticide Co. v. State*, 108 N.H. 126, 129, 229 A.2d 167, 169–70 (1967).

*Exceptions overruled.*

All concurred.