Hillsborough
No. 81-391

# Barrett H. Proctor

## v.

## Bank of New Hampshire, N.A.

June 15, 1983

*R. J. Shortlidge, Jr.*, of Keene, by brief and orally, for the plaintiff.

*Orr & Reno P.A.*, of Concord (*Richard B. Couser* on the brief and orally), for the defendant.

KING, C.J. The plaintiff, Barrett H. Proctor, appeals the granting of a motion to dismiss as to seven counts of his eighteen-count writ, and the granting of a motion for summary judgment as to the remaining eleven counts. We affirm in part, reverse in part, and remand.

The parties' dispute arose when the defendant, Bank of New Hampshire, N.A., foreclosed on a mortgage which it held on an inn owned by the plaintiff. Over a number of years, the plaintiff had borrowed a total of $120,000 from the bank, secured by a mortgage for the same amount. In June 1977, when the plaintiff was more than nine months in arrears on repayment of the loan, the bank foreclosed, demanding immediate repayment of the outstanding

balance of the loan, which was approximately $114,000. Because the plaintiff was unable to make this payment, the bank held a foreclosure sale and sold the property for $150,000.

The plaintiff filed a writ in superior court containing eighteen counts, alleging breach of contract, fraud and deceit, negligence and wrongful foreclosure. He sought $750,000 in damages. The defendant filed a motion to dismiss, which was referred to a Master (*Theodore Wadleigh,* Esq.), who recommended that seven of the eighteen counts of the writ be dismissed. This recommendation was accepted and approved by the Superior Court (*Pappagianis,* J.).

The superior court then appointed an Auditor (*Chester C. Eaton,* Esq.) to rule on other pending motions, to hear evidence, and to determine which issues of fact should be decided by a jury. The defendant filed several motions for summary judgment on the remaining eleven counts of the plaintiff's writ. The auditor recommended that these motions be granted, and the Superior Court (*DiClerico,* J.) approved the auditor's recommendation. The plaintiff now appeals the granting of both the defendant's motion to dismiss and the motions for summary judgment.

■■ The plaintiff argues that the superior court erred in dismissing seven counts of his writ because the counts stated claims upon which relief could be granted. In determining whether a motion to dismiss should be granted, all facts properly pleaded are assumed to be true, and the reasonable inferences therefrom are construed most favorably to the plaintiff. *Jarvis v. Prudential Ins. Co.,* 122 N.H. 648, 651, 448 A.2d 407, 409 (1982). If the plaintiff could recover upon any set of facts under the pleadings, the motion to dismiss as to that count should be denied. *Id.,* 448 A.2d at 409.

■ We first consider count I of the plaintiff's writ. In count I, the plaintiff alleged that the defendant agreed to perform certain services for him, including the filing and recording of partnership papers for the creation of a limited partnership, and the filing and recording of documents required for the transfer of the inn to the limited partnership, of which the plaintiff was a general partner. The plaintiff alleged that the defendant breached this contract and that, as a result, the plaintiff was unable to secure the protection of federal bankruptcy laws and lost his equity interest in the inn. The defendant contends that this count is insufficient because it fails to allege how the plaintiff was damaged and how the damages were related to the defendant's acts. We believe that, assuming all facts alleged in the count to be true, the count sufficiently alleges the plaintiff's damages and their relation to the defendant's actions.

■■ Although we agree that count I states a claim upon which relief could be granted, we find no merit to the plaintiff's argument that the court erred in dismissing the remaining counts. Counts VII, X, XIII and XVIII of the plaintiff's writ all sound in fraud and deceit. To establish fraud, the plaintiff must prove that the defendant made a fraudulent representation for the purpose or with the intention of causing the plaintiff to act upon it. *Hall v. Insurance Co.*, 91 N.H. 6, 10, 13 A.2d 157, 160 (1940). While the plaintiff need not establish fraud in his pleadings, in order to withstand a motion to dismiss the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions. *Jarvis v. Prudential Ins. Co.*, 122 N.H. at 653, 448 A.2d at 410. It is not sufficient for the plaintiff merely to allege fraud in general terms. *Belisle v. Belisle*, 88 N.H. 459, 461, 191 A. 273, 274 (1937).

■ In count VII, the plaintiff alleged that the defendant induced the plaintiff to refinance the mortgage on the inn. The count does not specifically allege what fraudulent representation the defendant made or that the representation was made for the purpose of causing the plaintiff to act upon it. The plaintiff alleged in count X that the defendant misled the plaintiff into believing that a limited partnership, of which the plaintiff was a general partner, owned the inn. Like count VII, count X fails to allege the fraudulent representation made by the defendant or that the representation was made for the purpose of causing the plaintiff to act upon it.

■ In count XIII, the plaintiff alleged that the defendant approved the plaintiff's use of overdrafts and the withdrawal of money from a special account, but later withdrew the privilege of using overdrafts retroactively and refused to permit the withdrawal of some of the money in the account. This count also fails to allege specifically a fraudulent misrepresentation made by the defendant for the purpose of causing the plaintiff to act upon it. Finally, in count XVIII, the plaintiff alleged that the defendant secured an *ex parte* order which deprived the plaintiff of possession of the inn on the basis of false and misleading statements. Like the other counts alleging fraud, count XVIII fails to allege any specific fraudulent representation or that the representation was made for the purpose of causing the plaintiff to act upon it. Thus, we hold that the court properly dismissed these counts.

■ Count XIV of the plaintiff's writ alleged a lack of good faith and due diligence on the part of the defendant because the defendant failed to postpone foreclosure in order to permit the

plaintiff to refinance with another financial institution. The plaintiff's writ does not indicate how this duty arises. While we indicated in *Silver v. First National Bank*, 108 N.H. 390, 391–92, 236 A.2d 493, 495 (1967), that a mortgagee may have a duty to postpone a foreclosure *sale* "in the exercise of good faith and due diligence to protect the mortgagor's interest," we did not state that a mortgagee had a duty to postpone foreclosure itself to permit the plaintiff to obtain refinancing. Nor does such a duty arise from a fiduciary duty owed by the defendant, as mortgagee, to the plaintiff mortgagor. While we indicated in *Silver* that a mortgagee had a duty to protect the mortgagor's interest, we stated that the mortgagee had no fiduciary duty. *Id.* at 391, 236 A.2d at 494–95. Because count XIV does not indicate the theory on which the plaintiff was proceeding, it was properly dismissed. *Berlinguette v. Stanton*, 120 N.H. 760, 762, 423 A.2d 289, 291 (1980).

Count XV sounds in negligence. It alleged that a local branch manager of the defendant advised the plaintiff that he could use overdrafts as a line of credit and withdraw funds from a special account. The basis of the parties' dispute is incomprehensible in this instance because this count fails to adequately allege the defendant's duty, breach, and the resulting harm to the plaintiff. *Id.* at 763, 423 A.2d at 291. It was properly dismissed.

The plaintiff claims that the court's dismissal of these seven counts was erroneous for another reason. He contends that the court could not grant the motion to dismiss as to seven of the counts, while denying it as to the remaining counts. He claims that if *any* count withstood a motion to dismiss, none of the counts should have been dismissed, citing *Blake v. State*, 115 N.H. 431, 343 A.2d 223 (1975). In *Blake*, the plaintiff's writ alleged that he had been illegally discharged from his employment with the State. His writ contained three counts. When the State filed a motion to dismiss *the writ*, the superior court transferred to this court without ruling the question whether *any* of the three counts stated a cause of action. We examined the first count and determined that it stated a cause of action, and held therefore that *the writ* should not be dismissed. *Id.* at 435, 343 A.2d at 226. We did not indicate that it would have been erroneous to dismiss one or both of the other two counts if they failed to state a cause of action. That question was not before us. Moreover, since *Blake*, we have approved the dismissal by a trial court of one or more counts of a multiple-count writ and the retention of other counts. *See, e.g., Young v. Abalene Pest Control Serv's, Inc.*, 122 N.H. 287, 289–90, 444 A.2d 514, 515–16 (1982).

The plaintiff also appeals the granting of the defendant's motions for summary judgment as to the remaining eleven counts of his writ. In September 1980, the defendant filed motions for summary judgment with supporting memoranda, affidavits, excerpts from depositions, and other exhibits, in order to show that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. *See* RSA 491:8-a (Supp. 1981). In response to the defendant's motion, the plaintiff and his counsel filed a joint affidavit describing the testimony they expected to produce at trial. For the following reasons, however, we hold that the plaintiff's response was insufficient to show that there was a genuine issue for trial.

The version of RSA 491:8-a (Supp. 1981) existing at the time of the court's decision provided that when a party files a motion for summary judgment accompanied by affidavits, the facts stated in the affidavits shall be taken to be admitted "unless within thirty days contradictory affidavits *based on personal knowledge* are filed or the opposing party shall file an affidavit showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits." *See* Laws 1973, 438:1 (emphasis added). The plaintiff's joint affidavit was insufficient to counter the defendant's affidavit for several reasons.

In a number of instances, the plaintiff and his counsel stated that certain third parties would testify to specific facts at trial. Such statements failed to conform to the statutory requirement that an affidavit be based on personal knowledge. The present case is distinguishable from *Lortie v. Bois*, 119 N.H. 72, 398 A.2d 540 (1979). In *Lortie*, we upheld the validity of an attorney's affidavit which referred to "depositions, and other pre-trial discovery," because in that case it was clear that the attorney's affidavit referred to a specific existing deposition. *Id.* at 75, 398 A.2d at 542.

In the present case, some of the third parties described in the affidavit are not even identified, and the majority of the identified third parties had not been deposed at the time of the affidavit. Although the plaintiff also stated in his affidavit that *he* would testify to certain facts at trial, and thus in those instances satisfied the requirement that the affidavit be based on personal knowledge, the statements were not responsive to the specific facts contained in the defendant's affidavits.

The former version of RSA 491:8-a (Supp. 1981) further provided that summary judgment should be granted "if the pleadings, the depositions, answers to interrogatories, and admissions on

file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Laws 1973, 438:1. The statute stated that the party opposing summary judgment "may not rest upon mere allegations or denial of his pleadings, but his response, by affidavits or by reference to depositions, answers to interrogatories, or admissions *must set forth specific facts showing that there is a genuine issue for trial.*" *Id.* (emphasis added). The plaintiff's joint affidavit, however, contained only allegations as to the defendant's conduct, and failed to set forth specific *facts* showing that a genuine issue of material fact existed.

The plaintiff claims that neither the master nor the auditor was qualified under the statute to serve as such and that as a result their recommendations on the motions at issue in this case were void. He cites RSA 491:23 as support for the proposition that only former justices of the supreme and superior courts may be appointed as masters or auditors. RSA 491:23 provides:

> "The court shall appoint as referees, auditors, and masters and fix their salaries, such former justices of the supreme and superior court as have retired therefrom by age limitation, when so to do will expedite the business of the court; and they may be assigned to sit in any county in the state."

 The defendant contends that the plaintiff failed to preserve this issue for appeal because the record does not show that he objected or excepted to the appointment of the master, to his ruling, or to the appointment of the auditor. *Cf. Provencal v. Provencal*, 122 N.H. 793, 796, 451 A.2d 374, 376 (1982). The failure to make contemporaneous objections and exceptions generally constitutes a waiver of such objections on appeal. *State v. Glidden*, 122 N.H. 41, 48, 441 A.2d 728, 732 (1982). The plaintiff contends, however, that his claim that the master and auditor appointed in this case were not qualified to act as such under the statute is a question of jurisdiction, which cannot be waived. We reject this contention.

 It is generally held that by appearing and participating in proceedings before a master or auditor, a party waives all objections to the appointment and qualifications of a master or auditor. 76 C.J.S. *References* § 87, at 230–31 (1952); 30A C.J.S. *Equity* § 517, at 555 (1965). In *Burnham v. Goffstown*, 50 N.H. 560, 563 (1871), we specifically held that if a party appears and participates in proceedings before a referee he waives any objection that the appointment of the referee *was not authorized by law.*

The issue in *Burnham* was analogous to the issue now before us. The plaintiffs brought a petition against the Towns of Goffstown and Dunbarton to establish a highway through the towns. Under a statute then in effect, all petitions relating to roads were to be referred to the county commissioners of the counties where the proposed highway would pass. The trial court found that all but one county commissioner of the two counties involved were disqualified, and instead referred the petition to a committee of its own appointment. The defendant Town of Goffstown did not except to the appointment of the committee, but after the verdict, argued that the appointment of the committee was not authorized by statute and that the committee had no jurisdiction over the petition. We held that the defendant had waived any objection to the alleged lack of authority on the part of the committee by participating in the proceedings before the committee. We rejected the defendant's argument that its assignment of error involved jurisdiction, noting that the trial court had jurisdiction and that the court could accept or reject the committee's report.

Similarly, in the instant case, the superior court had jurisdiction over the plaintiff's action. The recommendations of the master and auditor had no effect until approved by the superior court. Therefore, the plaintiff's argument that the master and auditor appointed in this case were not authorized by statute to act as such does not involve the court's jurisdiction and was waived when the plaintiff failed to object and except in a timely manner.

Because we hold that the plaintiff waived his objections to the appointment of the master and auditor, we need not address the issue whether individuals other than former justices of the supreme and superior courts may be appointed to act as auditors or masters.

*Affirmed in part; reversed in part; remanded.*

All concurred.