Rockingham
No. 86-462

### NEWTON OMIYA

v.

### DANIEL CASTOR

December 31, 1987

*Catalfo and McCarthy*, of Dover (*Alfred Catalfo, Jr.*, on the brief, and *John D. McCarthy* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Donald J. Perrault* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiff appeals the granting by the Trial Court (*Gray*, J.) of defendant's motion for summary judgment. The trial court's action was based on the conclusion that plaintiff's counter-affidavit, filed in opposition to defendant's motion for summary judgment, did not comply with RSA 491:8-a in that it did not show "specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial" and, further, did not contain "any contradictory evidence based on [the] personal knowledge" of the plaintiff. RSA 491:8-a, II. We reverse.

On November 5, 1983, the plaintiff, Newton Omiya, was a passenger in a car driven by his friend and co-worker Daniel Castor. Both men are residents of Hawaii and employees of the United States Navy who were temporarily assigned to work at the Portsmouth Naval Shipyard. Both parties were in a car which Omiya had rented and were proceeding south on the Spaulding Turnpike near the entrance to Pease Air Force Base when their car collided with a vehicle driven by Dora Young, which was proceeding north and which turned in front of the car being driven by Castor.

Omiya brought separate actions against Castor and Young, claiming negligence on the part of each driver. Castor moved for consolidation of the two cases, which was granted without objection by the Trial Court (*Gray*, J.) on July 30, 1985.

Castor submitted interrogatories to which Omiya responded. Upon receipt of Omiya's answers, Castor filed a motion for summary judgment on June 5, 1986, RSA 491:8-a, I, stating that Omiya's answers failed to contain any allegation of negligence against Castor. Omiya filed an answer to Castor's motion for summary judgment on June 6, 1986; however, Omiya did not file the requisite affidavit until July 18, 1986, after the thirty-day filing period specified in RSA 491:8-a, IV had passed. Over Castor's objection, Omiya was permitted by the trial court to file a late affidavit. The defendant has not appealed the trial court's decision to permit a late filing of the plaintiff's affidavit.

On August 25, 1986, a hearing was held on the motion for summary judgment. After hearing the arguments of counsel, the court granted defendant Castor's motion.

In timely fashion, Omiya filed a motion to reconsider the court's ruling. Castor objected to this motion, arguing that even with its attachments, it still failed to comply with the requirements of RSA 491:8-a. On October 15, 1986, this motion was denied. Plaintiff Omiya appeals.

Omiya argues that Castor's motion for summary judgment should not have been granted because Omiya's affidavit is "based upon personal knowledge of admissible facts," RSA 491:8-a, II, and shows the existence of a "genuine issue as to any material fact," RSA 491:8-a, III, namely, Daniel Castor's alleged failure to keep a proper lookout and to operate his vehicle at a safe rate of speed, in accordance with the requirements of RSA 491:8-a. We agree with the plaintiff.

Summary judgment is provided for in RSA 491:8-a. As interpreted by this court, the summary judgment procedure exists primarily to expedite litigation by allowing the court to "pierce the pleadings and assess the proof . . . in order to determine [whether] there is a genuine issue of material fact requiring a formal trial of the action." *Community Oil Co. v. Welch*, 105 N.H. 320, 321, 199 A.2d 107, 108 (1964) (quoting 6 MOORE'S FEDERAL PRACTICE § 56.01[14] (2d ed. 1948)). It is "an excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." *New Hampshire York Co. v. Titus Constr. Co.*, 107 N.H. 223, 224–25, 219 A.2d 708, 710 (1966)

(quoting 3 BARRON & HALTZOFF, FEDERAL PRACTICE AND PROCE-DURE § 1231, at 96 (Wright ed. 1958)). "[T]he very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from that which is genuine and substantial so that only the latter may subject a suitor to the burden of a trial." *Nashua Trust Co. v. Sardonis,* 101 N.H. 166, 168–69, 136 A.2d 332, 333 (1957) (quoting *Richard v. Credit Suisse,* 242 N.Y. 346, 350, 152 N.E. 110, 111 (1926)).

The party opposing a motion for summary judgment may file either an objection or his own motion for summary judgment, but in either case the opponent's filing must be supported by one or more affidavits or refer specifically to affidavits, pleadings, depositions, answers to interrogatories or admissions on file which establish the existence of a disputed issue of material fact. *See Lortie v. Bois,* 119 N.H. 72, 398 A.2d 540 (1979). While the moving party must file at least one affidavit based on the personal knowledge of a person who would be competent to testify at trial, the opposing party may file an affidavit which only shows reasonable and specific grounds for believing that evidence disputing the moving party's affidavits can be produced at trial. *Id.* However, the opposing party's response must do more than give notice of his objection to the motion or dispute the facts set forth in the moving party's affidavit. *Johns-Manville Sales Corp. v. Barton,* 118 N.H. 195, 385 A.2d 118 (1978); *Amoskeag Savings Bank v. Patterson,* 110 N.H. 261, 266 A.2d 116 (1970). It must set forth "specific facts showing the existence of a genuine issue for trial." *Arsenault v. Willis,* 117 N.H. 980, 983, 380 A.2d 264, 266 (1977); *see also Proctor v. Bank of N.H.,* 123 N.H. 395, 464 A.2d 263 (1983). Mere denials or vague and general allegations of expected proof are not enough. *Proctor v. Bank of N.H.,* 123 N.H. at 399, 464 A.2d at 265.

Omiya has satisfied these standards. Admittedly, his affidavit indicates that he believes Castor "had a green light," but he asserts, from reading Young's motor vehicle report of the accident, that she too claimed the right of way by virtue of a green light. In addition, Omiya's affidavit specifically refers to the pretrial statement of Dora Young, which blames Daniel Castor for the accident, claiming that Castor went through a red light, failed to take action to avoid the accident, was inattentive, failed to keep his vehicle under proper control, failed to maintain a proper lookout and was travelling too fast for the existing road conditions. Finally, Omiya's affidavit refers to the Newington police report, in which Daniel Castor and Dora Young claim that they each had a green light and

that the car driven by the other driver did not have the right of way.

 "While the party opposing summary judgment may not rest upon mere denials, he may respond by an affidavit setting forth specific contradictory facts, and incorporating by reference existing products of discovery." *Lortie v. Bois*, 119 N.H at 74, 398 A.2d at 542; *see also Arsenault v. Willis*, 117 N.H. at 983, 380 A.2d at 266. As in *Lortie*, where the plaintiff's affidavit referred to a specific deposition and was therefore sufficient to defeat a defendant's motion for summary judgment, so in this case, plaintiff's affidavit is sufficient to defeat the defendant's motion for summary judgment. Omiya's affidavit refers to specific existing discoverable documents, namely, the two drivers' motor vehicle reports, the police report and the parties' pretrial statements, which provide reasonable evidence that a genuine issue of material fact is present. Omiya's affidavit, in and of itself, is sufficient to defeat Castor's motion for summary judgment.

RSA 491:8-a, III states: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Therefore, assuming *arguendo* that Omiya's affidavit was, as Castor suggests, insufficient to defeat Castor's motion for summary judgment for failure to satisfy the "personal knowledge" requirement of RSA 491:8-a, II, Omiya would still prevail because the statute permits the court to look beyond the opposing party's affidavit in order to determine whether the opposing party has demonstrated that a genuine issue of material fact exists. In addition to Omiya's affidavit, Dora Young's pretrial statement, Young's statement contained in the Newington police report, and Omiya's own pretrial statement demonstrated the existence of a genuine issue concerning the allegedly negligent driving of Castor. In his affidavit and pretrial statement, Omiya alleged that Castor failed to: stop at the red light protecting the intersection, keep his vehicle under proper control and be attentive and operate his motor vehicle prudently and carefully.

Furthermore, Omiya's lack of personal knowledge of the cause of the accident is immaterial because RSA 491:8-a, II requires only the party *seeking* summary judgment to submit an affidavit "based upon personal knowledge of admissible facts . . . ." *Arsenault v. Willis*, 117 N.H. at 983, 380 A.2d at 266. No such requirement pertains to the party *opposing* a motion for summary judgment,

which is the position Omiya occupies. The opposing party may defeat summary judgment by submitting within thirty days a counter-affidavit based on personal knowledge *or* by submitting an affidavit "'showing specifically and clearly reasonable grounds for believing that contradictory evidence can be furnished at trial but cannot be furnished by affidavits,' RSA 491:8-a (Supp. 1975), or by reference to the product of discovery proceedings, [provided he] set[s] forth specific facts showing the existence of a genuine issue for trial." *Id.*

Omiya has submitted an affidavit which satisfies this statutory standard; his affidavit indicates that the testimony of Dora Young and of witness Donna King, as well as portions of the police report, could be presented at trial to counter Castor's claim that Castor was driving carefully and prudently. Having satisfied the statutory standard which an opponent of a motion for summary judgment is required to satisfy, Omiya is entitled to have the issue of Castor's alleged negligence tried.

Finally, we conclude that wise policy as well as proper statutory construction counsels in favor of a decision for Omiya. To require a passenger in a moving vehicle who is injured in an accident to submit an affidavit "based upon personal knowledge of admissible facts" in order to see his allegations against the defendant driver decided by a trier-of-fact is to erect a formidable barrier against damage recoveries by injured passengers. This is so because it is not uncommon for passengers to be asleep or otherwise inattentive to traffic patterns and to impending danger as they ride in automobiles. If we were to adopt the standard which the defendant suggests, it would be exceedingly difficult for passengers in many automobile accidents to recover from negligent drivers. Indeed, passengers in boat, train and airplane accidents would, in many cases, be unable to submit affidavits "based upon personal knowledge of admissible facts" setting forth the alleged negligence of those responsible for an accident in which the passenger was injured.

■ For the reasons cited above, we reverse the decision of the trial court and we remand for a trial.

*Reversed and remanded.*

All concurred.