ADEK Tech Sales v. Accord          CV-01-388-B      01/22/02

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


ADEK Technical Sales, Inc.,
and Edward King

    v.                                    Civil No. No. 1:01-cv-00388-B
                                       Opinion No. 2002 DNH 019
Accord Marketing & Sales, Inc.,
Applied Motion Solutions, Inc.,
and Robert Dacey


## MEMORANDUM AND ORDER

This is a dispute between sellers and marketers of

"industrial and motion control products" (the individual

defendants are officers of the corporate entities with which they

are aligned) that has been removed to federal court on grounds of

diversity jurisdiction, 28 U.S.C. § 1332(a).  In their writ of

summons, plaintiffs ADEK Technical Sales, Inc. ("ADEK"), and

Edward King allege that defendants Accord Marketing & Sales, Inc.

("Accord"), Applied Motion Solutions, Inc. ("AMS"), and Robert

Dacey caused them damage by failing to honor the terms of a Joint

Marketing Agreement ("Agreement") which, according to plaintiffs,

ADEK and Accord entered into "for the purpose of cooperating

together with respect to the marketing and sale of electro-

mechanical and electronic equipment and related products as authorized manufacturers' representatives under the name 'AMS Associates' in an area that included New Hampshire." Writ of Summons, ¶ 12. Defendants admit that ADEK has earned and is entitled to certain funds under the Agreement and a separate contract entered into by the parties, but allege that all such funds have either been paid or are subject to set-off and counterclaim under that separate contract.

Defendants have moved to dismiss Count IV (fraud) and Count VI (breach of the obligation of good faith and fair dealing prescribed by N.H. Rev. Stat. Ann. ("R.S.A.") § 382-A:1-203) of plaintiffs' writ. With respect to Count IV, defendants assert that the writ does not plead the alleged fraud with the particularity called for by Fed. R. Civ. P. 9(b). With respect to Count VI, defendants assert that the Agreement, as it is described in ¶ 12 of the writ, is not a "contract" within the meaning of R.S.A. § 382-A:1-203 (implying an obligation of good faith into every contract or duty governed by New Hampshire's Uniform Commercial Code "U.C.C."). Plaintiffs counter that the heightened pleading standards of Rule 9(b) do not apply because the case was originally filed in state court, and that whether

the Agreement is a U.C.C. contract "is a matter to be determined by the trier of fact after trial and not by a pretrial motion to dismiss." Plaintiffs' responses are not persuasive.

Even if I were assume arguendo that Rule 9(b) does not apply, Count IV is subject to dismissal. Under New Hampshire law, "[a] plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendants' fraudulent conduct." Snierson v. Scruton, 145 N.H. 73, 77 (2000) (citing Proctor v. Bank of N.H., 123 N.H. 395, 399 (1983)). Count IV of the writ, which asserts only that "Robert Dacey fraudulently caused the termination of the Joint Marketing Agreement . . . in order to place himself in a position whereby he could obtain possession of and retain commissions which rightfully belong to [plaintiffs]," falls well short of alleging the essential details of the fraud and the facts of the fraudulent conduct.

Count VI is similarly inadequate. By pleading a violation of the obligation of good faith read into U.C.C.-governed contracts, plaintiffs necessarily take the position that the Agreement is governed by the U.C.C. But it does not appear, at least from the face of the writ, that the Agreement is a contract

of sale, a lease, a negotiable instrument, a contract involving a bank deposit or collection, a contract to transfer funds, a letter of credit, a warehouse receipt or bill of lading, a contract involving an investment security, or a contract involving a secured transaction. See generally R.S.A. chapter 382-A. That being the case, plaintiffs cannot deflect defendants' motion with a conclusory assertion that the Agreement will be found to be a U.C.C. contract by the trier of fact.

For the reasons stated, I grant defendants' motion to dismiss [document no. 7]. But I do so without prejudice to plaintiffs filing an amended complaint curing the defects identified herein.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 22, 2002

cc:  David C. Engel, Esq.
     James C. Wheat, Esq.