**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1572

FREDERICK H. MOVITZ,

Plaintiff, Appellant,

v.

HOME DEPOT U.S.A., INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Campbell, Senior Circuit Judge,
Torruella and Lipez, Circuit Judges.

Frederick H. Movitz on brief pro se.
Robert P. Joy, Danielle L. Meagher and Morgan, Brown & Joy,
LLP on brief for appellee.

December 5, 2003

**Per Curiam**.  Pro se plaintiff-appellant Frederick H. Movitz ("Movitz") appeals from a district court order denying his request to amend his complaint to add a conspiracy claim to his wrongful termination action against his former employer, defendant-appellee Home Depot U.S.A., Inc. ("Home Depot").  We review the denial of leave to amend a complaint for an abuse of discretion, deferring to the district court if any adequate reason for the denial is apparent from the record.  Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).  We have reviewed the parties' submissions and the record on appeal.  We affirm the district court's order because Movitz's requested amendment would have been futile.  We briefly explain.[1]

Movitz argues that he should have been permitted to add a "count of conspiracy to commit fraud for writing false statements." Under New Hampshire law, a civil conspiracy consists of: (1) two or more persons; (2) an unlawful object to be accomplished; (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages proximately resulting from the acts.  University Sys. of N.H. v. United States Gypsum Co., 756 F. Supp. 640, 652 (D.N.H. 1991), citing Jay Edwards, Inc. v. Baker,

---

[1]      We do not discuss Home Depot's separate contention that Movitz's appeal fails because of his brief's flagrant failure to comply with the procedural requirements of the Federal Rules of Appellate Procedure.  A pro se party is not insulated from complying with those rules.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Because Movitz's appeal lacks substantive merit, we elect to proceed on that basis.

130 N.H. 41, 47, 534 A.2d 706, 709 (1987).  New Hampshire, however, does not recognize a civil action based on conspiracy alone.  Id. Rather, for a civil conspiracy to exist, there must be an underlying tort which the alleged conspirators agreed to commit. Id.  Thus, if the underlying tort claim fails, the action for civil conspiracy also fails.  See id.

Movitz asserts that the object of the alleged conspiracy was to commit the tort of fraud.  In order to prove fraud, a plaintiff must show that: (1) the defendant misrepresented a material fact to the plaintiff, knowing it to be false; (2) the defendant intended that the plaintiff act on it; and (3) the plaintiff, without knowledge of its falsity, detrimentally relied on the representation.  Alexander v. Fujitsu Bus. Communication Sys., Inc., 818 F. Supp. 462, 467 (D.N.H. 1993), citing Proctor v. Bank of N.H., 123 N.H. 395, 399, 464 A.2d 263, 265 (1983).

Movitz's claim is based on an allegedly false statement submitted to Home Depot by Troy Patterson ("Patterson"), a former co-worker.  Movitz alleges that Patterson admitted that his statement to Home Depot was false, that he had been asked by an assistant store manager, Chris Croce ("Croce"), to make the statement, and that Scott Neal, the assistant store manager who terminated Movitz, was "aware of the false statement."  Movitz asserts that Home Depot "store managers have had Mr. Patterson write false statements and offered him higher positions in the

company for doing so." Movitz argues that, "[i]f Mr. Patterson did not come forward the statements would have been against the plaintiff in his personnel file at Home Depot."

Movitz's allegations fail to establish the elements of fraud against the defendant, Home Depot. Movitz does not allege that anyone at Home Depot misrepresented any facts to him. Rather, he asserts that Patterson, at the instance of Croce, the assistant store manager, misrepresented facts to Home Depot. Also, Movitz does not allege that any of the purported misrepresentations were made with the intent that he rely on them, or that he actually relied on them. Indeed, Movitz admits that he was not even aware of Patterson's "false statement" until discovery in this case. Further, Movitz does not allege that he suffered any actual damages as a result of the alleged conspiracy to make these purported misrepresentations, or from the misrepresentations themselves. Although Movitz asserts that Patterson's November 2, 2001 statement would have been used against him in his personnel file at Home Depot, Movitz alleged that he was terminated on November 2, 2001, and at no point contends that Home Depot waited until after it reviewed Patterson's statement to make the decision to terminate him. Further, at no point does Movitz contend that Home Depot relied on Patterson's statement, or any other statement, in making any decision regarding his employment. Thus, to the extent Movitz alleges fraud as having been the object of the conspiracy, he has

failed to state facts constituting the tort of fraud, and he has also failed to indicate that any damages resulted either from the purported conspiracy or the alleged fraud.  Because his claim of fraud fails, his claim of conspiracy to commit fraud also fails. See University Sys. of N.H., 756 F. Supp. at 652.

The judgment of the district court is summarily affirmed.  See 1st Cir. Loc. R. 27(c).